Platt agt. McMurray *et al.*

Assuming this to be true, still we are unable to perceive that any injury was inflicted upon the accused by the supposed error. Both counsel had stated to the jury the punishment which might result from a conviction, and it is not a legitimate conclusion that the jury would give any less consideration to the case under these circumstances than if they had been advised that the accused was on trial for a felony.

There was no error on the trial, and the conviction and judgment should be affirmed.

All concur except TRACY, dissenting, and RAPALLO, not voting.

---

## SUPREME COURT.

JOHN H. PLATT, as assignee in bankruptcy of the Stuyvesant Bank, agt. EDWIN D. McMURRAY *et al.*

*Parties — Change of — not necessary for the transferee of an interest to make application for his substitution as a party to the action — Assignee in bankruptcy of a bank may prosecute action begun previous to his appointment by the bank, in its name, without formal order to that effect.*

The Stuyvesant Bank, in 1870, began a suit against defendant, and, after a reference ordered, a receiver was appointed in proceedings for a dissolution of the bank. Subsequently, in bankruptcy proceedings, the present plaintiff, in 1872, was appointed the bank's assignee. The original suit, after long interruption, was prosecuted before the referee, against defendant's objection, without formal substitution of either receiver or assignee as plaintiff, though the attorneys who commenced it were authorized to continue it on behalf of both. After judgment for plaintiff, in 1879, this application was made by supplemental complaint to substitute the assignee as plaintiff:

*Held,* That the assignee having lawfully succeeded to the rights and interests of the bank, had a right to prosecute the action in its name without a formal order to that effect, and that his subsequent application for substitution was properly made.

*Special Term, April,* 1882.

*S. K. & F. B. Wightman,* for plaintiff.

*Alvin Burt,* for defendants.

LARREMORE, *J.* — This action was originally commenced in the name of the Stuyvesant Bank as plaintiff, and after issue joined therein, a reference was ordered November 14, 1870 (upon mutual consent), to hear and determine the same.

On November 12, 1871, a suit was brought by the attorney-general for a dissolution of said bank, and a decree to that effect made December 29, 1871, by which the previous appointment of O. H. P. Archer as receiver of such corporation was made permanent. On December 23, 1871, a petition in bankruptcy was filed against the bank, and by a final decree in such proceedings, dated January 6, 1872, it was declared a bankrupt, and John H. Platt (the plaintiff herein) was appointed assignee therein March 22, 1872. He brought suit against Archer to recover the property and assets of the bankrupt, which were finally adjudged to have been vested in him as such assignee on March 22, 1872.

The original suit, after a long interruption, was prosecuted before the referee against defendant's objection without any formal substitution of either Archer or Platt as plaintiff.

On December 23, 1879, the referee gave judgment in plaintiff's favor, whereupon a motion was made to substitute Platt as plaintiff in the action. Upon such application it was decided that he must proceed by a supplemental complaint. This was accordingly served April 22, 1881, and defendants answered the same July 8, 1881, claiming that all proceedings in the action before the referee after March 22, 1872, were null and void, for the reason that Platt had not been substituted by order of the court as the plaintiff therein. Such substitution is now sought by the supplemental complaint, and upon the admitted facts of the case.

It is not disputed that the attorneys who commenced the action were authorized to continue it in behalf of both Archer

and the present plaintiff.   The defense is radical in character, and distinctly raises the question of jurisdiction — that all proceedings therein since March 22, 1872, were *coram non judice;* that by the judgment of the supreme court of December 29, 1871, the corporation was dissolved and this suit abated, unless continued in the corporate name by special authority of the court.

By section 121 of the Code of Procedure — in force while the trial was pending — it is provided that in case of death, marriage or other disability of a party, the action shall not abate, but the court, on motion, at any time within one year thereafter, or afterward, on a supplemental complaint, may allow the action to be continued in the name of the original party, or may allow the person to whom the transfer is made to be substituted in the action.   In case of any other transfer of interest the action shall be continued in the name of the original party; or the court may allow the person to whom the transfer is made to be substituted in the action.

It is not obligatory upon the transferee of an interest to make application for his substitution as a party to the action. If he does not it is continued in the name of the original party (*Packard* agt. *Wood*, 17 *Abb.*, 318 *; Emmet* agt. *Bowers*, 23 *How.*, 300 *; Howard* agt. *Taylor*, 5 *Duer*, 604 *; Ford* agt. *David*, 1 *Bosw.*, 569).

But it may be said that section 121 is general in its character and has no application to actions affecting corporations. This objection is, I think, fully met and obviated by section 1, chapter 295, Session Laws of 1832, which provides that the dissolution of a corporation shall not abate any existing suit or proceedings in favor of such corporation, but the same may be continued by its receivers or trustees in the name of such corporation, or in the names of such receivers and trustees who may be substituted as plaintiffs under the direction of the court and subject to its order in relation to the payment or security of costs.

That a distinction exists between actions and proceedings.

by or against a corporation is clearly recognized by ˙chapter 295, Laws 1832, and by judge RAPALLO in *McCullough* agt. *Norwood* (58 *N. Y.*, 568). The case of *Talmage* agt. *Pell* (9 *Paige*, 410), is not an adverse authority upon this point, for it was not involved therein. In that case a cross-bill was filed, to which the receiver of the plaintiff corporation was not a party, and substitution was refused upon that ground. In this case both the receiver and assignee were represented by attorney before the referee and in all subsequent proceedings.

The plaintiff having lawfully succeeded to the rights and interests of the bank, had a right to prosecute the action in its name without a formal order to that effect. His subsequent application for substitution as plaintiff therein was made ·in conformity with the practice of the court, and as it does not appear that the rights of the defendants have been impaired by any of the proceedings taken, there should be judgment for the plaintiff according the prayer of the supplemental complaint.