(20 Misc. Rep. 331.)

LAMBERT et al. v. HOFFMAN.

(Supreme Court, Appellate Term. May 28, 1897.)

1. PLEADING—DENIAL ON INFORMATION AND BELIEF—DISTRICT COURTS.
   A denial on information and belief is not authorized in the district courts of New York City.

2. EVIDENCE—PROOF OF FOREIGN LAWS.
   Code Civ. Proc. § 942, provides that a book purporting to contain the statutes of another state, in order to be admissible in evidence in the courts of New York, must be shown to have been published by authority, or to be commonly admitted as evidence of the law in the courts of such other state. *Held*, that such requirement is not satisfied by the testimony of an attorney and counselor of such other state that he was acquainted with the laws thereof, and that the book in question was the Revised Statutes of that state.

3. APPEAL—REVERSAL—CONDITIONS.
   A judgment will be reversed only on condition that appellant pay the costs of the appeal, where his own erroneous construction of the pleadings led respondent into error.

Appeal from First district court.

Action by Clement Lambert and another against William H. Hoffman. There was a judgment in favor of defendant, and plaintiffs appeal. Reversed.

Argued before DALY, P. J., and McADAM and BISCHOFF, JJ.

Henry B. Wesselman, for appellants.
C. F. Swart, for respondent.

DALY, P. J. The plaintiffs sue upon a judgment of the district court for the city of Elizabeth, N. J., in their favor against defendant for $38.60, entered September 28, 1896. The defense to the action was by answer containing, among other averments, first, a statement that the defendant "has no knowledge or information sufficient to form a belief as to the allegations contained in the first and second paragraphs in the complaint"; and, second, an allegation that

the district court for the city of Elizabeth had no jurisdiction over the subject-matter of the action. The questions presented upon this appeal arise upon objections to the plaintiffs' proof, the justice having sustained the objections, and given judgment for defendant. Respondent contends that plaintiffs were required to prove their co-partnership and the jurisdiction of the New Jersey court, which were alleged in the first and second paragraphs of the complaint, and which it is assumed were put in issue by the answer. The form of the denial in the answer, while sufficient in a court of record, is not permitted in the district courts of the city of New York. Code, § 2938; Consolidation Act, § 1347. The allegation that the defendant has no knowledge or information sufficient to form a belief is not authorized. Steinam v. Bell, 7 Misc. Rep. 318, 27 N. Y. Supp. 905; Dennison v. Carnahan, 1 E. D. Smith, 144. It appears, therefore, that the jurisdiction of the New Jersey court and the allegation of co-partnership were not put in issue, and plaintiffs were not bound to prove either. There was an affirmative defense of want of jurisdiction set up in the answer, but the burden of proving that defense rested upon defendant. Notwithstanding that the allegations referred to were not at issue, plaintiffs offered in evidence the New Jersey statute, with the evident purpose of proving the creation and jurisdiction of the Elizabeth court. They thus assumed the burden of proving those allegations, and judgment was rendered against them for failure of proof, objection being duly taken to the sufficiency of the proof, and a motion to dismiss the complaint was made on the grounds of want of proof of the judgment and of the statute. The justice was thus required to pass upon the issue tendered by plaintiff as to whether the judgment roll was properly authenticated, and the New Jersey statute was properly proved. The authentication of the judgment roll was complete. It was not necessary that the clerk's certificate should show that he had compared the copy with the original on file in his office, and that the same was a true copy. Dunstan v. Higgins, 138 N. Y. 70, 33 N. E. 729. But the proof of the New Jersey statutes was not a compliance with the Code. There was no evidence that the volume of statutes was (1) published by authority, nor (2) that it was commonly admitted as evidence of the existing law in the judicial tribunals of the state. Code, § 942. An attorney and counselor at law of the state of New Jersey was called, and testified that he was acquainted with the laws of that state, and, having been shown the volume, stated that those were the General Statutes of New Jersey; that they were the Revised Statutes of New Jersey. This was not proof of the fact required by the Code, and, if the fact did not stand admitted by the pleadings, the complaint would have been properly dismissed. As the error is one into which appellant has led his adversary by his own erroneous construction of the pleadings, he can only have a new trial upon payment of the costs of appeal.

Judgment reversed, and new trial ordered upon payment by appellant of costs of this court within 30 days. If costs are not paid, judgment to stand affirmed, with costs. All concur.