(22 Misc. Rep. 124.)

### EQUITABLE GENERAL PROVIDING CO. v. POTTER.

(Supreme Court, Appellate Term.   December 27, 1897.)

1. CONTRACTS—CONSTRUCTION—CONTEMPORANEOUS WRITINGS.
   Writings executed contemporaneously by the same parties, and relating to the same subject-matter, are to be read as one instrument.

2. LEASE OF CHATTELS—DEFAULT—RIGHTS OF LESSOR.
   Where, under a contract leasing chattels for a term, at a rental which the lessee agrees absolutely to pay, and providing that upon the payment of the final installment the lessee shall receive a bill of sale, the lessee defaults, but is allowed to retain possession until the term has ended, the fact that the lessor then accepts a return of the chattels does not disable him, while able to perform on his own part, from maintaining an action to recover the balance due.

Appeal from First district court.

Action by the Equitable General Providing Company against Charles Edward Potter.   Judgment for plaintiff, and defendant appeals.   Affirmed.

Argued before DALY, P. J., and McADAM and BISCHOFF, JJ.

J. M. Fisk, for appellant.
L. L. G. Benedict, for respondent.

McADAM, J.   The two bicycles which are the subject of this controversy were received from the plaintiff under agreements dated May 6, 1896.   There were two separate writings as to each bicycle; one signed by the plaintiff, the other by the defendant.   In each of the two signed by the defendant and delivered to the plaintiff the defendant certifies that he has rented from the plaintiff one Victor bicycle, to hold for the term of 10 months, for the use and depreciation of which he agrees to pay $105, as follows:   $5 cash, and $10 on the 6th day of each month.   Each of such agreements then provides that, in case of failure to pay as above specified, the defendant will, at the option of, and upon request from, the plaintiff, return the property to it; and, upon failure so to do, the plaintiff is authorized to take possession of the bicycle without being liable for any damages arising from the taking.   In each of the two writings signed by the plaintiff and delivered to the defendant it agrees that, upon receiving the full sum of $105 mentioned, it will execute and deliver to him a bill of sale of the property.   The writing signed by the plaintiff and the one signed by the defendant, having been made contemporaneously, and relating to the same subject-matter, are to be read as one instrument.   Rogers v. Smith, 47 N. Y. 324, 327; Mott v. Richtmyer, 57 N. Y. 49, 64; Marsh v. Dodge, 66 N. Y. 533, 537.   The parties concede that such is the proper rule, and that the agreement was one of conditional sale, the title of the defendant to become complete on payment of the $105 at the time and in the manner specified. The defendant did not pay the full sum of $105 on each contract as promised, but only $65, leaving $40 unpaid on each bicycle.   The last installment he paid was on November 7, 1896.   The bicycles were delivered up by the defendant August 15, 1897, on an order from the plaintiff, and it has since had possession of them.   It will be seen

that the defendant had the use of the property for a little over 15 months. The action was brought September 10, 1897, to recover $80, the unpaid rent. The defense is that the plaintiff, by accepting a return of the bicycles before suit brought, disabled itself from claiming the balance due, and we have been referred to Earle v. Robinson, 91 Hun, 363, 36 N. Y. Supp. 178, as an authority sustaining this contention. In that case the vendors in a conditional sale took possession of their property because of a default in payment of certain installments of the purchase price due by the vendee, and thereafter sold the property to other parties. The court held that, in consequence of such taking and subsequent sale, the consideration for notes given on the purchase by the original vendee failed; that, as the vendors retained title, they could not have an equitable lien on their own property, and the taking by them could not be justified on any ground other than that of absolute ownership. That case is distinguishable from this, in that the entire rent recovered herein was actually earned and payable before the bicycles were returned, or suit brought. The plaintiff, when it accepted a return of the property, had an existing right of action against the defendant for the sum sued for, which the return of the property did not discharge, as the defendant was to pay the amount unconditionally, whether he took a bill of sale or not. The bicycles were to remain the property of the plaintiff until paid for, and their possession was a mere security for such payment, not inconsistent with the right to enforce the promise to pay according to the agreement. Brewer v. Ford, 54 Hun, 116, 7 N. Y. Supp. 244; Id., 59 Hun, 17, 12 N. Y. Supp. 619; affirmed 126 N. Y. 643, 27 N. E. 852. In Earle v. Robinson, supra, the vendors, by making an absolute sale to a third person, put it out of their power to complete their contract with the conditional sale vendee. In this instance the property is held by the plaintiff, according to the evidence of its manager, subject to the defendant's order on payment of the balance due. The plaintiff evidently recognizes the defendant's right to redeem provided by the statute relating to conditional sales. Laws 1895, c. 925. The defendant agreed to pay a stipulated sum for the "use and depreciation" of the property. He has enjoyed the consideration to the full extent of the contract, and he ought to pay according to its provisions. "Modus et conventio vincunt legem." The judgment rendered does even and exact justice between the parties, and gives effect to their clear intention, as manifested by their writings; for its effect is to give the plaintiff the contract price, and, on payment thereof, the defendant the bicycles. If any apparent complication has arisen, it is owing to the default of the defendant, and of this he has no right to complain.

The judgment must be affirmed, with costs. All concur.