BOSTON WOVEN HOSE & RUBBER CO. v. JACKSON et al.

(Supreme Court, Appellate Term. January 23, 1899.)

1. MUNICIPAL COURTS—PLEADING—ANSWER—SUFFICIENCY.
   Paragraphs of a complaint in a municipal court stand as admitted, where defendant merely denies any knowledge or information sufficient to form a belief of the facts alleged.
2. NEGLIGENCE—DEMAND.
   An action for negligence may be maintained without proof of demand.
3. ABATEMENT—ASSIGNMENT PENDING SUIT.
   Plaintiff may continue to prosecute an action after he has assigned his interests therein to another pending the action.

Appeal from municipal court, borough of Manhattan, First district.

Action by the Boston Woven Hose & Rubber Company against Jacob W. Jackson and others. Judgment for plaintiff, and defendants appeal. Affirmed.

Argued before BEEKMAN, P. J., and GILDERSLEEVE and GIEGERICH, JJ.

Edward Cromwell, for appellants.
Samuel Scoville, Jr., for respondent.

PER CURIAM. If the defendants had put in issue the first, third, and sixth paragraphs of the complaint, there would be considerable force in their contention that there was a failure of proof, which called for a dismissal of the case. It is true that as to these allegations they have denied any knowledge or information sufficient to form a belief; but, while such a plea is good in a court of record, it is unauthorized in an action brought in the municipal court. Lambert v. Hoffman, 20 Misc. Rep. 331, 45 N. Y. Supp. 806. The allegations in question must therefore stand as admitted. Under these circumstances, there was enough evidence to support the conclusion of the justice in favor of the plaintiff. The action was brought for negligence, and not for conversion. It was therefore unnecessary to prove a demand. The fact that the interest of the plaintiff has been transferred to another after suit brought is no defense to the further prosecution of the action in the name of

the assignor.   Platt v. McMurray, 63 How. Prac. 149; Lawson v.
Town of Woodstock, 37 Hun, 352; Code Civ. Proc. § 756. The judg-
ment should be affirmed.

Judgment affirmed, with costs.