(31 Misc. Rep. 707.)

EQUITABLE GENERAL PROVIDING CO. v. EISENTRAGER.

(Supreme Court, Appellate Term.   June 13, 1900.)

1. CONTRACTS—GUARANTY—CONSTRUCTION—ACTION—WAIVER.
    A person obtained a bicycle from plaintiff under a contract by which he in terms rented it for a term for a certain sum.   Simultaneously therewith plaintiff executed to him an agreement that, if he paid all the installments of rent when they became due, he should have full title to the bicycle.   The lease provided that, in case of his default, the amount of rental remaining unpaid for the full term should at once become due, and it was further stipulated that in case of default plaintiff should be entitled to possession of the wheel.   At the time of the execution of the lease defendant executed an instrument under seal which recited that, in consideration of the sum of one dollar, he guarantied the payments provided for in the lease, with the understanding that, if he should be called on to make the final payments, he should be entitled to the bicycle. The purchaser defaulted, and surrendered the bicycle to plaintiff.   *Held,*

that the acceptance by plaintiff of the bicycle did not preclude the maintenance of an action on the guaranty to recover the full amount payable on the lease, where, prior to the commencement of the action, plaintiff tendered the bicycle to defendant, and demanded the balance due, and stands willing to deliver the wheel on payment of the balance.

2. PLEADING—ANSWER—FORM OF DENIAL.

A denial in an answer of knowledge or information sufficient to form a belief as to the truth of allegations of a complaint is not an authorized form of pleading in the municipal court of the city of New York, and hence raises no issue, but constitutes an admission of the truth of the allegations sought thereby to be denied.

Appeal from municipal court, borough of Manhattan, First district.

Action by the Equitable General Providing Company against Henry T. Eisentrager. From a judgment in favor of defendant, plaintiff appeals. Reversed.

Argued before BEEKMAN, P. J., and GIEGERICH and O'GORMAN, JJ.

Louis L. G. Benedict, for appellant.

Warren S. Burt, for respondent.

BEEKMAN, P. J. On March 29, 1899, one Alfred Becker came into possession of a bicycle belonging to the plaintiff under a written agreement by which he in terms "rented" the same from the plaintiff for a term of 12 months, and "for the use and depreciation of said property" agreed to pay to the latter $53 for the whole term, as follows: $1 in cash, and $4.34 on the 29th day of each month thereafter until the full amount was paid. Among other stipulations which the paper contained is one to the effect that, if the said Becker should fail to perform any of the conditions and agreements therein, "then such part of the whole sum of $53 provided to be paid under this instrument as shall at the time of such failure be still unpaid shall be due and payable without demand." In case of any such failure, Becker agreed that at the option and upon the request of the plaintiff he would immediately deliver said bicycle to it, and in case of his failure so to do the company was authorized to take possession of the same. Simultaneously with the execution and delivery of this paper, another, signed by the plaintiff, was made, which provided that, upon receiving the full sum of $53 pursuant to the terms of the paper so executed by Becker, the plaintiff would execute and deliver to him "a full title and bill of sale" of the property in question. It has been held in this court in a similar case that these two papers are to be read together, and, taken together, are to be considered as a single contract for a conditional sale of the property therein mentioned. Providing Co. v. Potter, 22 Misc. Rep. 124, 48 N. Y. Supp. 647. At the time the above papers were executed, and as a part of the same transaction, the defendant made, executed, and delivered to the plaintiff an instrument under seal styled a "guaranty," bearing even date with the papers above mentioned, and which reads as follows: "In consideration of one dollar ($1) to me in hand paid, the receipt of which I hereby acknowledge, I hereby guaranty the within payments, with the understanding that, in the event of my being called upon to pay the final payment or payments, the said bicycle shall become my personal prop-

erty." This agreement is indorsed on the back of the paper above referred to, which was executed by Becker. The bicycle was accordingly delivered to Becker, who thereupon paid the sum of one dollar, as required by his agreement. He continued in possession of the same until about October, 1899, when it was surrendered by him to the company pursuant to the stipulation in that regard contained in the contract, he having failed to make any of the payments required of him under his contract, except the one dollar above referred to. This action has been brought to recover on the so-called "guaranty" which was executed by the defendant.

It appears that a tender of the bicycle was made to the defendant, and the amount remaining unpaid thereon demanded of him, but he refused either to accept the bicycle or to pay the amount so demanded. His defense seems to be that the acceptance of the bicycle by the plaintiff from Becker operated as a discharge of any claim against the latter for the unpaid rental or purchase money, and as a necessary consequence relieved him (the defendant) from any liability as guarantor. The trial justice seems to have adopted this view, inasmuch as he rendered judgment dismissing the complaint. We think this was error calling for a reversal of the judgment. At the time the bicycle was surrendered by Becker the whole amount of the rental or purchase money had become due and payable by reason of his default, and a condition then existed which brought the case within the decision of this court in Providing Co. v. Potter, supra, where the court, under similar circumstances, held that (page 125, Misc. Rep., and page 648, 48 N. Y. Supp.):

"The plaintiff, when it accepted a return of the property, had an existing right of action against the defendant for the sum sued for, which the return of the property did not discharge, as the defendant was to pay the amount unconditionally, whether he took a bill of sale or not. The bicycles were to remain the property of the plaintiff until paid for, and their possession was a mere security for such payment not inconsistent with the right to enforce the promise to pay according to the agreement."

But, apart from all this, the so-called "contract of guaranty" contemplated the resumption by the plaintiff of the possession of the bicycle, inasmuch as by its very terms the title thereto was to vest in the so-called "guarantor" upon payment by him of the balance of the rental or purchase money remaining unpaid under the contract with Becker. The contract was inconsistent with the retention by Becker of the property after he had made default. As soon as the defendant was called upon to fulfill his agreement, or, at least, upon the payment by him of the amount which he had obligated himself to pay, the title to the bicycle was vested in him, and his right to the immediate possession of it became fixed. It was therefore quite within the line of plaintiff's duty to the defendant that it should repossess itself of the bicycle, in order that the rights of the defendant should be properly protected, and the terms of his contract properly carried out.

It will be observed that the contract with the defendant was something more than one of guaranty. It involved a conditional sale to the defendant of the bicycle in question, because it proceeded upon the assumption of a default on the part of Becker which would prevent

title from vesting in him. The title to the property, then, contemplat ed by the guarantee, was one which should pass directly from the plaintiff to the defendant, and the condition upon which such title was to pass was, in effect, the failure on the part of Becker to acquire title thereto by reason of his default. When that took place, and when the defendant was called upon to make the payments which he had guarantied, and such payments were made, the condition upon which the title was to pass to him had been satisfied, and he became absolutely entitled to the property as the plaintiff's vendee. It is obvious that the plaintiff has in no way whatsoever prejudiced its right to recover by reason of its resumption of the possession of the bicycle.

The defendant questions the sufficiency of the proof of Becker's default in payment. No motion, however, was made by the defendant to dismiss the complaint at any stage of the case on that ground; and, furthermore, the allegations in that regard contained in the complaint must be deemed to be admitted, in view of the fact that the defendant has sought to put them in issue under a denial of knowledge or information sufficient to form a belief. He has failed to do so, however, inasmuch as this form of pleading is not authorized in actions brought in the municipal court. Steinam v. Bell, 7 Misc. Rep. 319, 27 N. Y. Supp. 905.

Judgment reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.