### ALEXANDER v. CITY OF ALBANY.

(Supreme Court, Appellate Division, Third Department. November 16, 1900.)

1. ANSWER—DENIAL—INFORMATION AND BELIEF—SUFFICIENCY.
　　Under Laws 1898, c. 312, § 3, providing that when a complaint, verified as in the supreme court, is served in the Albany city court, an answer verified in the same manner must deny one or more allegations of the complaint, or the complaint will be taken as confessed, where the complaint stated a cause of action an answer denying on information and belief is not sufficient to put plaintiff to proof, and hence the allegations of the complaint were admitted, and a nonsuit for failure to offer evidence was erroneous.

2. SAME—AFFIRMATIVE DEFENSES.
　　Under Laws 1898, c. 312, § 3, requiring answers to complaints verified as in the supreme court to deny the allegations of the complaint, or set up new matters constituting a defense or counterclaim, where the complaint states a cause of action an answer which did not deny the allegations of the complaint, but set up affirmative defenses, admits the allegations of the complaint, and a nonsuit for failure to offer evidence to support the complaint was erroneous.

Appeal from Albany county court.

Action by David M. Alexander against the city of Albany. From a judgment of the county court affirming a judgment of nonsuit in the Albany city court, plaintiff appeals. Reversed.

Argued before PARKER, P. J., and KELLOGG, EDWARDS, MERWIN, and SMITH, JJ.

Harold D. Alexander, for appellant.
Arthur L. Andrews, for respondent.

KELLOGG J. The plaintiff brought this action in the city court of Albany, and served with the summons a complaint duly verified,

and alleging properly a cause of action on contract,—a lease of premises to defendant at a stated rental, and nonpayment of rent accrued. The answer "denies that it has any knowledge or information sufficient to form a belief" touching the material allegations of the complaint, and then pleads payment and the statute of limitations. When the case came on for trial the plaintiff claimed that the defendant's denial, as stated in the answer, did not put plaintiff to a proof of his claim, and rested his case. The defendant then moved the court for a nonsuit on the ground that plaintiff had failed to establish a cause of action, which motion was granted.

The correctness of this decision wholly depends upon the construction to be given to the governing statute. Was the denial in defendant's answer of "any knowledge or information sufficient to form a belief" a good denial? Was any denial necessary to put plaintiff to proof, the answer having alleged new matter as an affirmative defense? In Lambert v. Hoffman, 20 Misc. Rep. 331, 45 N. Y. Supp. 806, both of the above questions appear to have been passed upon. The act construed is in words the same as the one here for construction. Laws 1882, c. 410, §§ 1346, 1383. The answer made a similar denial, and alleged an affirmative defense. It was there held that the denial was not good, and that plaintiff was not required to make proof. This case was followed in Rubber Co. v. Jackson, 25 Misc. Rep. 781, 55 N. Y. Supp. 573, and the rule applies to such portions of the complaint as were similarly denied; thus adopting the construction placed upon a pleading which prevails in the higher courts as to holding as admitted facts alleged and not properly denied. To the same effect are Nicoll v. Clark, 13 Misc. Rep. 128, 34 N. Y. Supp. 159; Sanchez & Haya Co. v. Hirsch, 27 Misc. Rep. 202, 57 N. Y. Supp. 795; Providing Co. v. Eisentrager (Sup.) 65 N. Y. Supp. 296. In all these cases the answer alleged an affirmative defense, and also alleged a denial of knowledge or information sufficient to form a belief to the whole or to some counts of the complaint.

The learned counsel for the defendant does not question the authority of these decisions, nor does he claim that a denial of knowledge or information is a recognized denial in the Albany city court, or is a good denial. He, however, appears to claim that, where the answer alleges an affirmative defense, no denial of the allegations of the complaint is necessary, and, in the absence of such a denial, the plaintiff nevertheless must make proof of his cause of action, and this view he seems to have impressed upon the city court and upon the learned county judge. The logical conclusion from the reasoning of counsel would be that in no case could the plaintiff have judgment without proof, except in case of default of a pleading of any sort on the part of the defendant. The reasonableness of such a construction is not apparent.

The intention of the legislature seems to have been to avoid the necessity of proof where the verified complaint stated a cause of action on contract, and unless the facts alleged should be denied should be taken as admitted, thus pointing out a practice in the

inferior courts which has long prevailed in the higher courts. To attribute to the legislature the reasonless and seemingly absurd intention of giving effect to a verified complaint in case a defendant suffered a default by not appearing, and denying to the same complaint the same force and effect where the defendant appeared but did not deny the allegations of the complaint, should, at least, have very plain and clear language in the law to support such a contention. If the proposition were reversed, and the plaintiff were required, in case of absence of the defendant, to make his proof, but, in case of his presence and failure to make denial, then no proof should be required, some good sense in providing a safeguard to the rights of parties might be seen. I see nothing in the wording of section 3, c. 312, Laws 1898, here construed, which requires the court to evolve a meaning which so far destroys its merits as a rule of practice. If it were possible to extend its meaning to make a denial of "knowledge or information" a good denial, and so make the practice in the inferior courts conform in these particulars to the practice in the higher courts, it would dispose of one pitfall to the unwary practitioner, but to add another snare is neither judicious nor necessary. The judgment of the county court and city court of Albany should be reversed, with costs in all the courts.

Judgment of the county court and city court of Albany reversed, with costs in both courts, and new trial granted in the city court of Albany; order to be settled by EDWARDS, J. All concur; PARKER, P. J., in result.