(34 Misc. Rep. 179.)

### EQUITABLE GENERAL PROVIDING CO. v. EISENTRAGER.

(Supreme Court, Appellate Term. February 25, 1901.)

1. CONTRACT—CONSTRUCTION—CONDITIONAL SALE.
    A written contract set forth that one party had rented from another a certain bicycle for 12 months, and agreed to pay therefor the sum of $1 down and $4.34 per month thereafter until $53 was paid. In the event of default in the payments, the whole unpaid balance was to become payable at once. It was also provided that when all payments had been made the owner would give the party renting the bicycle "full title and bill of sale" thereof. *Held*, that the contract was not a lease, but a contract of conditional sale.

2. SAME—STIPULATION—VALIDITY—PUBLIC POLICY.
    A stipulation in a contract of conditional sale that, in case of default in any payments, the whole unpaid balance was to become due without demand, is not unconscionable, nor against public policy.

Appeal from municipal court, borough of Manhattan, First district.

Action by the Equitable General Providing Company against Henry T. Eisentrager. From a judgment for defendant, plaintiff appeals. Modified.

Argued before ANDREWS, P. J., and O'GORMAN and BLANCHARD, JJ.

L. L. G. Benedict, for appellant.
W. S. Burt, for respondent.

ANDREWS, P. J. The action was brought to recover $52, the price of a bicycle. The municipal court rendered judgment in favor of the plaintiff in the sum of $22.16 damages, $3.62 costs, $2.72 prospective costs; total, $28.50. This is the second appeal by the plaintiff, the first appeal having been from a judgment dismissing the complaint, with costs, which judgment was reversed by order entered June 19, 1900.. The facts are as follows: On March 29, 1891, one Becker entered into a written contract with the plaintiff that set forth that Becker had rented from the plaintiff a certain bicycle for the term of 12 months, and had agreed to pay therefor the sum of $1 down, and $4.34 per month thereafter, until the whole sum had been paid, at the office of the plaintiff, amounting to $53 in all. In the event of any default in such monthly payments the whole unpaid balance was to become due and payable at once without demand, and it was also provided that, when all the payments had been made, the plaintiff would give to Becker "full title, and a bill of sale of the

bicycle." Upon the back of the contract was indorsed the following guaranty, signed by the defendant:

"New York, March 29th, 1899.

"In consideration of one dollar to me in hand paid, the receipt of which I hereby acknowledge, I hereby guaranty the within payments, with the understanding that, in the event of my being called upon to pay the final payment or payments, the said bicycle shall become my personal property. Witness my hand and seal.　　　　　Henry T. Eisentrager,

"1883 Third Avenue, New York City."

Plaintiff thereupon delivered to Becker the bicycle, and he paid one dollar down, but no further payments were made by him or any other person. Plaintiff made demand on the defendant October 6, 1899, for the payment of the unpaid balance, which was refused, and the plaintiff then took the bicycle from Becker, and tendered it to defendant on November 8, 1899, again demanding payment of the unpaid balance, which was again refused. Plaintiff still has the bicycle, which he is ready to turn over to defendant on payment of the judgment herein. It was contended by the defendant on the former appeal that by taking the bicycle from Becker plaintiff had exhausted his remedies, and had no cause of action against the guarantor; but this contention was overruled by the court, which ordered a new trial. 65 N. Y. Supp. 296. The contract in question is not a lease, but a contract of conditional sale (Providing Co. v. Potter, 22 Misc. Rep. 124, 48 N. Y. Supp. 647), and contained the following clause:

"If any failure shall be made in any of the within-stated conditions, covenants, or agreements, then such part of the whole sum of $53 provided to be paid under this instrument as shall at the time of such failure be still unpaid shall be due and payable without demand."

This stipulation is not unconscionable, and contravenes no law or rule of public policy. Baumann v. Cornez (Com. Pl.) 8 N. Y. Supp. 480. I see no reason why, under the circumstances of the case, the plaintiff should not have judgment against the defendant for the whole amount claimed. The judgment should therefore be modified so as to be in favor of the plaintiff for the sum of $52, with costs of trial, based on that amount, and, as modified, affirmed, with costs to the appellant of the first and second appeals. All concur.