(52 Misc. Rep. 545)

### McLEAN v. BLOCH.

(Supreme Court, Appellate Term. February 11, 1907.)

SALES—CONDITIONAL SALE—RECORDING.

Laws 1897, p. 540, c. 418, § 112, making conditions and reservations in a contract for the conditional sale of a chattel, accompanied by delivery and possession of the thing sold, to the effect that ownership shall remain in the vendor until the chattel is paid for, void against subsequent purchasers unless the contract be recorded as provided by the statute, is applicable to a contract whereby plaintiff manufactured a chattel for defendant and delivered it to him, whereby it was also agreed that title should remain in plaintiff until payment in full.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 43, Sales, §§ 1353, 1370, 1384, 1397.]

Appeal from City Court of New York.

Action by James McLean against Bernard Bloch. From a judgment in favor of plaintiff, defendant appeals. Reversed, and new trial ordered.

Argued before GILDERSLEEVE, MacLEAN, and AMEND, JJ.

A. P. Fitch and Mott & Grant, for appellant.

H. Hoelljes, for respondent.

MacLEAN, J. On July 15, 1905, by writing, the plaintiff agreed to furnish a "cellar ice house" to one Martin for $115; the writing reciting:

"It is also agreed that the legal title to and ownership of said property shall remain in the said James McLean until the entire amount of the purchase price thereof is paid in full."

Having thereafter manufactured it, he delivered it at Martin's place of business on or about July 21, 1905. The writing, as a "conditional contract," was filed on October 19, 1905. Meanwhile Martin executed a chattel mortgage, covering among other things, "one ice box in cellar," to one Ruppert as security for a loan, and this was filed August 10, 1905. Thereafter the mortgage was foreclosed, and the property was bought in by the mortgagee, who then sold it to the defendant, who appeals from a judgment, in an action of replevin, entered upon a verdict directed in favor of the plaintiff.

To the right of the plaintiff herein to recover it must be determined that the provisions of the lien law, relative to conditions and reserva-

tions in contracts for the sale of goods and chattels (Laws 1897, p. 540, c. 418, § 112), do not apply to contracts for the manufacture and de- livery of goods and chattels, since immediateness of delivery is no long- er a requirement (Laws 1904, p. 1696, c. 698).   No such case has been cited or found; the nearest approach being a dictum in the case of Graves Elevator Co. v. Callanan, 11 App. Div. 301, 305, 42 N. Y. Supp. 930, wherein, after referring to the recognized law of this state that contracts for the sale of goods to be manufactured do not come within the operation of the statute of frauds, it is said:

"By a parity of reason, it seems to me that the contract here does not come within the meaning of the statute providing for filing conditional contracts of sale."

The purpose of the two statutes, however, should not be lost sight of; the one, as originally entitled, "An act for the prevention of frauds and perjuries," though, as sometimes suggested, permitting as much as it has prevented, while "the reason for the enactment of the law providing for the filing of contracts for conditional sales was to protect those purchasing in good faith articles from those apparently having the title to the same, as evidenced by their possession."   Graves Eleva- tor Co. v. Callanan, 11 App. Div., at page 306, 42 N. Y. Supp., at page 933.   So long as the contract under consideration remained executory, it might not be said to be for a sale, within the meaning of the statute of frauds; but, when the manufactured article was delivered and re- tained, there then arose an indebtedness for the price agreed to be paid —a sale, and manifestly so intended, and, with the provision in the contract for the reservation of title, a conditional sale in fact, as much so as a contract for the rental of a chattel, accompanied by delivery of possession, with reservation of title, and provision for the passing of title at the end of the term upon final payment of the sums agreed to be paid as rent.   Equitable Providing Co. v. Eisentrager, 34 Misc. Rep. 179, 180, 68 N. Y. Supp. 866.   The plaintiff, therefore, having clothed Martin with the appearance of ownership, and having failed to pro- tect himself in the manner by statute provided, should not be permit- ted to disclaim the real nature of the transaction and pervert the stat- ute to accomplish what it was evidently designed to prevent.   The judgment should therefore be reversed, and a new trial ordered, with costs to appellant to abide the event.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event.   All concur.