### WEISS v. LEICHTER.

(Supreme Court, Appellate Term. January 8, 1909.)

1. SALES (§ 456*)—CONDITIONAL SALES.

A contract in the form of a lease of a moving picture apparatus, containing an option to the lessee to purchase the machine for the total amount of all rental dues upon the full payment of such dues, was a conditional sale, with title remaining in the lessee until full payment had been made.

[Ed. Note.—For other cases, see Sales, Cent. Dig. § 1328; Dec. Dig. § 456.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

**2. GUARANTY (§ 54\*)—DISCHARGE OF GUARANTOR—ALTERATION OF INSTRU-
MENT.**

A guarantor is discharged by any alteration of the contract to which
his guaranty applied, whether material or not, and whether or not the
alteration is to his injury.

[Ed. Note.—For other cases, see Guaranty, Cent. Dig. § 65; Dec. Dig.
§ 54.\*]

Appeal from Municipal Court, Borough of Manhattan, Fifth District.

Action by Alfred Weiss against Isidor Leichter. From a judgment for plaintiff, defendant appeals. Reversed, and complaint dismissed.

Argued before GILDERSLEEVE, P. J., and BISCHOFF and GUY, JJ.

Louis E. Felix, for appellant.
Yankauer & Davidson, for respondent.

PER CURIAM. Defendant guaranteed the performance by his son of the latter's obligations under an agreement in the form of a lease of a moving picture apparatus by plaintiff to defendant's said son. The latter defaulted in his payments, and plaintiff took back the apparatus, and sued defendant on the guaranty. The agreement between plaintiff and defendant's son contained an option to the latter for the purchase by him of the machine for $203, the total amount of all rental dues, upon full payment of such dues, and the contract must be regarded as a conditional sale, with title remaining in plaintiff until full payment had been made to the plaintiff. Hoffman v. White Sewing Mach. Co., 123 App. Div. 166, 108 N. Y. Supp. 253; Puffer v. Reeve, 35 Hun, 480; Equitable General Providing Co. v. Eisentrager, 31 Misc. Rep. 707, 35 N. Y. Supp. 296; Equitable General Providing Co. v. Potter, 22 Misc. Rep. 124, 48 N. Y. Supp. 647.

For the rent or installments that had already accrued before the return of the apparatus to plaintiff by the defendant's son, the former may perhaps have a cause of action against the latter; but he cannot maintain this action against the guarantor, for the reason that he admits that he made several material alterations in the contract between himself and defendant's son, subsequent to the making of the guaranty, without the knowledge or consent of the guarantor. It is a well-settled rule that a guarantor or surety is discharged by any alteration of the contract to which his guaranty applied, whether material or not and whether or not the alteration is to his injury. Antisdel v. Williamson, 165 N. Y. 372, 59 N. E. 207.

The judgment must be reversed, and, as plaintiff admits the alteration, the complaint is dismissed, with costs to the appellant.

Judgment reversed, and complaint dismissed, with costs to the appellant.

---

\*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes