(161 App. Div. 580)

THORNTON v. BELL.     (No. 251–94.)

(Supreme Court, Appellate Division, Third Department. November 25, 1914.)

1. JUSTICES OF THE PEACE (§ 92*)—PROCEDURE—PLEADING—DENIAL—STATUTE.

> In an action in a City Court on a judgment alleging that, prior to the action, it had been duly assigned to plaintiff, who became and continued to be the lawful owner thereof, a separate answer and defense, denying any knowledge or information sufficient to form a belief as to the truth of the allegation of assignment and ownership, was not sufficient, under Code Civ. Proc. § 2938, providing that an answer in a justice's court may contain a general denial of each allegation of the complaint, or a specific denial of the material allegations thereof.

> [Ed. Note.—For other cases, see Justices of the Peace, Cent. Dig. §§ 324, 325; Dec. Dig. § 92.*]

2. ASSIGNMENTS (§ 65*)—CLAIM FOR COLLECTION—VALIDITY.

> There is no public policy forbidding an assignment of claims to a private individual for collection.

> [Ed. Note.—For other cases, see Assignments, Cent. Dig. § 126; Dec. Dig. § 65.*]

> Kellogg, J., dissenting.

Appeal from Broome County Court.

Action by George H. Thornton against George W. Bell. From a judgment affirming a judgment of the City Court of Binghamton in favor of the plaintiff, defendant appeals. Affirmed.

---

Argued before SMITH, P. J., and KELLOGG, LYON, HOWARD, and WOODWARD, JJ.

Augustus Babcock, of Binghamton, for appellant.
T. B. & L. M. Merchant, of Binghamton, for respondent.

WOODWARD, J. The complaint in the City Court of Binghamton alleged the jurisdictional facts necessary to a cause of action upon a judgment of an inferior court, and that "on or about the 1st day of December, 1893, at the city of Binghamton, * * * one John Cameron duly commenced an action against George W. Bell, the defendant herein, before said justice on a judgment of an inferior court, not of record, for damages and costs $23.95, which said judgment had been theretofore obtained by one Jepath P. Marsh against said defendant and assigned to the plaintiff in that action, John Cameron," and that the necessary steps were taken resulting in a judgment in favor of the said John Cameron and against the defendant herein for the sum of $33.35; that a transcript of said judgment was duly filed and judgment duly docketed and entered thereon in the Broome county clerk's office, and an execution upon said judgment was thereafter and on the same day duly issued out of the Broome County Court, and that the execution was returned wholly unsatisfied, etc.; that "said judgment still remains in full force and effect, not reversed, satisfied, or otherwise vacated, and no part thereof has been paid"; and "that prior to the commencement of this action the said judgment was duly sold and assigned to the plaintiff herein, who then became and still is the lawful owner and holder thereof"—and demands judgment for $34.98, together with interest, costs, etc. This complaint is verified.

Upon the return day the parties met, but no issue was framed, and the case was adjourned to a subsequent date. Upon the adjourned day the defendant put in a verified answer, neither party offering any evidence, and the justice gave judgment for the plaintiff upon the pleadings. The defendant appealed to the County Court of Broome county, where the judgment was affirmed, and appeal comes to this court from the judgment entered in the County Court.

[1] The defendant in answering merely stated that for "a first and separate answer and defense to said cause of action defendant denies that he has any knowledge or information sufficient to form a belief as to the truth of the allegation in said complaint set forth, in the seventh subdivision or paragraph thereof, that before the commencement of this action said judgment mentioned and set forth in said complaint was sold and assigned to the plaintiff herein, or that he is the lawful owner and holder thereof," which is obviously not a denial of the allegation of the complaint. The complaint in its seventh paragraph may be absolutely true, and the defendant know nothing of the facts; and while a denial of this character is good under the provisions of section 500 of the Code of Civil Procedure, it does not meet the requirements of section 2938 of the Code of Civil Procedure, dealing with proceedings in a justice's court. Lambert v. Hoffman, 20 Misc. Rep. 331, 45 N. Y. Supp. 806; Sanchez & Haya Co. v. Hirsch,

27 Misc. Rep. 202, 57 N. Y. Supp. 795; Alexander v. City of Albany, 55 App. Div. 238, 66 N. Y. Supp. 1084. It was proper, therefore, to give judgment for the plaintiff upon the verified complaint.

The defendant sought to set up the defense of the statute of limitations in his "second and separate answer and defense"; but a reading of the allegations of the answer shows conclusively that the defendant has failed to make the necessary allegations to bar the present action, which is brought upon a second judgment founded upon the judgment to which the defendant refers in his pleadings. It does not seem necessary to enter into a detailed criticism of the pleading in this respect; the defects are obvious.

[2] The third separate answer requires no discussion. There is no public policy which forbids an assignment of a claim to a private individual for the purpose of collection, and the defendant offered no evidence in support of this alleged defense.

The judgment appealed from should be affirmed, with costs. All concur, except KELLOGG, J., who dissents.