GEORGE H. THORNTON, Respondent, v. GEORGE W. BELL,
Appellant.

Third Department, November 25, 1914.

Pleading — action in City Court of Binghamton — denial on information
and belief insufficient, under section 2938 of the Code of Civil Pro-
cedure, relating to Justices' Courts — assignment of claim to private
individual for collection not against public policy.

Where the complaint in an action in the City Court of Binghamton
alleged the jurisdictional facts necessary to a cause of action upon the
judgment of an inferior court, and that said judgment was sold and
assigned to the plaintiff, or that he is the lawful owner and holder
thereof, a denial of any knowledge or information thereof sufficient to
form a belief as to the allegation of sale or ownership is insufficient.

Although a denial of "any knowledge or information sufficient to form a
belief" is good under section 500 of the Code of Civil Procedure, it does
not meet the requirements of section 2938 of the Code relating to pro-
ceedings in a Justice's Court.

There is no public policy which forbids an assignment of a claim to a
private individual for the purpose of collection.

KELLOGG, J., dissented.

APPEAL by the defendant, George W. Bell, from a judg-
ment of the County Court of Broome county, entered in the
office of the clerk of said county on the 14th day of May, 1914,
affirming a judgment of the City Court of Binghamton in
plaintiff's favor.

*Augustus Babcock*, for the appellant.

*T. B. & L. M. Merchant*, for the respondent.

WOODWARD, J.:

The complaint in the City Court of Binghamton alleged the
jurisdictional facts necessary to a cause of action upon a judg-
ment of an inferior court, and that "on or about the 1st day
of December, 1893, at the city of Binghamton,  *  *  *  one
John Cameron duly commenced an action against George W.
Bell, the defendant herein, before said justice on a judgment
of an inferior court, not of record, for damages and costs,

$23.95, which said judgment had been theretofore obtained by
one Jepath P. Marsh against said defendant and assigned to
the plaintiff in that action, John Cameron," and that the
necessary steps were taken resulting in a judgment in favor of
the said John Cameron and against the defendant herein for
the sum of thirty-three dollars and thirty-five cents; that a
transcript of said judgment was duly filed and judgment duly
docketed and entered thereon in the Broome county clerk's
office, and an execution upon said judgment was thereafter
and on the same day duly issued out of the Broome County
Court and that the execution was returned wholly unsatisfied,
etc.; that "said judgment still remains in full force and effect,
not reversed, satisfied or otherwise vacated, and no part thereof
has been paid," and "that prior to the commencement of this
action said judgment was duly sold and assigned to the plain-
tiff herein, who then became and still is the lawful owner
and holder thereof," and demands judgment for thirty-four
dollars and ninety-eight cents, together with interest, costs, etc.
This complaint is verified.

Upon the return day the parties met, but no issue was
framed, and the case was adjourned to a subsequent date.
Upon the adjourned day the defendant put in a verified
answer, neither party offering any evidence, and the justice
gave judgment for the plaintiff upon the pleadings. The
defendant appealed to the County Court of Broome county,
where the judgment was affirmed, and appeal comes to this
court from the judgment entered in the County Court. The
defendant in answering merely stated that for "a first and
separate answer and defense to said cause of action, defendant
denies that he has any knowledge or information sufficient to
form a belief as to the truth of the allegation in said com-
plaint set forth in the seventh subdivision or paragraph thereof,
that before the commencement of this action said judgment
mentioned and set forth in said .complaint was sold and
assigned to the plaintiff herein, or that he is the lawful owner
and holder thereof," which is obviously not a denial of the
allegation of the complaint. The complaint in its 7th para-
graph may be absolutely true and the defendant know nothing
of the facts, and while a denial of this character is good under

the provisions of section 500 of the Code of Civil Procedure, it does not meet the requirements of section 2938 of the Code of Civil Procedure, dealing with proceedings in a Justice's Court. (*Lambert* v. *Hoffman*, 20 Misc. Rep. 331; *Sanchez & Haya Co.* v. *Hirsch*, 27 id. 202; *Alexander* v. *City of Albany*, 55 App. Div. 238.) It was proper, therefore, to give judgment for the plaintiff upon the verified complaint.

The defendant sought to set up the defense of the Statute of Limitations in his "second and separate answer and defense," but a reading of the allegations of the answer shows conclusively that the defendant has failed to make the necessary allegations to bar the present action, which is brought upon a second judgment founded upon the judgment to which the defendant refers in his pleadings. It does not seem necessary to enter into a detailed criticism of the pleading in this respect; the defects are obvious.

The third separate answer requires no discussion; there is no public policy which forbids an assignment of a claim to a private individual for the purpose of collection, and the defendant offered no evidence in support of this alleged defense.

The judgment appealed from should be affirmed, with costs.

All concurred, except KELLOGG, J., dissenting.

Judgment affirmed, with costs.