### In re SHEETS PRINTING & MFG. CO.

(District Court, N. D. Ohio, E. D. April 27, 1905.)

No. 1,612.

1. CONTRACTS—CONSTRUCTION—CONDITIONAL SALES—LEASES—RECORD—VALIDITY.

A contract leasing a machine for a term of three years, requiring the lessee to pay a rental of $1,260 in monthly installments of $35 each, secured by notes providing for termination on failure to pay such installments, and that the lessee shall have the option to purchase at any time within the three years on payment of $1,700, less the amount of rentals then paid, was a conditional contract of sale, as defined by Bates' Ann. St. Ohio, p. 2306, § 1, and not a lease.

[Ed. Note.—For cases in point, see vol. 43, Cent. Dig. Sales, §§ 1327, 1328.]

2. SAME—BANKRUPTCY—FOLLOWING STATE LAWS.

On an issue as to whether a contract for the sale of a machine was a lease or a contract of conditional sale, a court of bankruptcy will follow the state law.

[Ed. Note.—State laws as rules of decision in federal courts, see notes to Wilson v. Perrin, 11 C. C. A. 71; Hill v. Hite, 29 C. C. A. 553.]

In Bankruptcy.

Kerr & La Dow, for claimant.

Brucker & Cummins, for trustee.

TAYLER, District Judge. This matter comes up on a bill of review to the finding of the referee on the claim of the Unitype Company. The referee allowed the claim. The Unitype Company, on April 1, 1901, entered into a contract with the bankrupt, the Sheets Printing & Manufacturing Company, by an instrument called "Simplex Type-Setting Machine Lease," by which the Unitype Company agreed to furnish and lease to the lessee one Simplex Typesetting Machine, "to hold for the term of three years, beginning as soon as the machine is erected on the premises of the lessee; and the said lessee hereby covenants to and with the lessor that he will pay for the same a rental of twelve hundred and sixty dollars ($1,260.00) for the entire term of three years, in installments of thirty-five dollars ($35.00) each, payable on the first day of each month until the $1,260.00 has been paid, and will further secure such payments by giving at the beginning of said rental term his promissory notes in form acceptable to the lessor for the same; but

the giving of said notes shall not be regarded as payment of the rent aforesaid." The lessee agreed to maintain the machine and appurtenances in good operating condition and repair, and to cause them to be cared for by competent persons, and at the end of the term of the lease, or earlier if it should be earlier reclaimed by the lessor, to cause the machine to be properly boxed and delivered, freight prepaid, at the freight station in Shelby, Ohio, addressed to the lessor. Further covenants appear as follows:

"The lessee further covenants and agrees that in case he, or any party holding under him, shall violate any of the provisions, conditions or agreements herein contained, the lessor may, at his option, terminate this lease, and retain and keep all rentals hereinbefore stipulated to be paid by the lessee in consideration and payment for the use theretofore had of said machine and its appurtenances."

"It is further covenanted and agreed by both parties hereto that this lease shall extend to and cover a further period of two years upon the same terms and conditions; provided, however, that the lessee may, if he shall so elect, and give notice in writing of said election to the lessor at least thirty days before the end of the first term of three years, abandon, discontinue and terminate this lease at the end of said first rental term and return said machine as heretofore provided, immediately upon the ending of the first term aforesaid."

"The lessee shall have the option of purchasing said machine and appurtenances in his possession for the sum of seventeen hundred dollars (provided all his covenants then matured shall have been fulfilled), at any time within three years after its erection by payment to the lessor of such cash as with the amount of rental theretofore paid shall equal seventeen hundred dollars."

The bankrupt continued to pay the monthly installments until a short time before it went into bankruptcy, in January, 1904. The Unitype Company claims that it is the owner of the machine described in the contract; that the amount paid was paid by way of rent; and that the Ohio statute on the subject of conditional sales is not operative to prevent the assertion of its claim of title. This claim the referee sustained.

The conditional sale statute of Ohio (Bates' Ann. St. p. 2306) is as follows:

"(4155–2) Section 1. In all cases where any personal property shall be sold to any person, to be paid for in whole or in part in installments, or shall be leased, rented, hired or delivered to another on condition that the same shall belong to the person purchasing, leasing, renting, hiring, or receiving the same whenever the amount paid shall be a certain sum, or the value of such property, the title to the same to remain in the vendor, lessor, renter, hirer or deliverer of the same, until such sum or the value of such property or any part thereof shall have been paid, such condition, in regard to the title so remaining until such payment, shall be void as to all subsequent purchasers and mortgagees in good faith, and creditors, unless such condition shall be evidenced by writing, signed by the purchasers, lessor, renter, hirer or receiver of the same, and also a statement thereon, under oath, made by the person so selling, leasing or delivering any property as herein provided, his agent or attorney of the amount of the claim, or a true copy thereof, with an affidavit that the same is a copy, deposited with the clerk of the township where the person signing the instrument resides at the time of the execution thereof, if a resident of the state, and if not such resident, then with the clerk of the township in which such property is sold, leased, rented, hired or delivered is situated at the time of the execution of the instrument; but when the person executing the instrument is a resident of a township in

which the office of county recorder is kept, or when he is a non-resident of the state, and the property is within such township, the instrument shall be filed with the county recorder; and the officer receiving any such instrument shall proceed with the same in all respects as he is required to do by section 4152 of the Revised Statutes of Ohio, and shall receive the same fees as are allowed by law for similar services in other cases."

Three questions arise: First. Is the conditional sale in this case the kind of a sale covered by the statute just quoted? Second. If it is such a sale, is it void as to general creditors under the law of Ohio? Third. Does the law of Ohio control as to the assertion of such rights in a court of bankruptcy?

I am of the opinion that all of these questions ought to be answered in the affirmative.

1. This contract is a mere conditional sale. True, it is skillfully drawn with a view of avoiding that construction, but it does not successfully do so.. Authorities might be multiplied on the question, but it will be sufficient to quote the language of the Supreme Court of the United States in order to obtain a standard of construction. In Hervey et al. v. Rhode Island Locomotive Works, 93 U. S. 664, 23 L. Ed. 1003, in the fourth proposition of the syllabus, the court, referring to this kind of a transaction, says:

"Nor is the transaction changed by the agreement assuming the form of a lease. The courts look to the purpose of the parties; and, if that purpose be to give the vendor a lien on the property until payment in full of the purchase money, it is liable to be defeated by creditors of the vendee who is in possession of it."

On page 673 of 93 U. S. (23 L. Ed. 1003) Mr. Justice Davis quotes with approval the holding of the Supreme Court of Illinois; the statement of that court in that case being, "It was a mere subterfuge to call this transaction a lease;" and states that the case which the Supreme Court was then considering was like the case referred to in all essential particulars. It seems clear to me that this transaction was a conditional sale, and that the phraseology by which it is sought to avoid that appearance is a mere subterfuge.

2. Now, what have the Ohio courts said on this subject? They have spoken in unmistakable terms. The law is construed in the case of Jones v. Molster, 11 Ohio Cir. Ct. R. 432. That is the well-known piano case, in which the contract was held to be a conditional sale, and that it was void as to creditors. That case states the law of the state of Ohio as it stands to-day. Our Supreme Court has also declared that the assignee does not always stand in the shoes of the assignor; that he represents the creditors, and may assert some rights which the debtor himself could not have asserted before the intervention of creditors, or, as in this case, before the bankruptcy proceedings were instituted. No principle of law in Ohio is better settled than this.

3. The only question left is whether the bankruptcy courts of the United States will follow the law of the state of Ohio as respects the character of the contract, and the nature of the rights which it gives over the property which was the subject of the contract. I am unable to discern any reason why, where the bankruptcy act has

not itself in specific terms declared another rule, the rule of the state as established by its statutes and its courts should not be controlling.

The finding of the referee, therefore, in respect to the claim of the Unitype Company, is reversed, and the claim of that company to title to this machine and appurtenances denied.