### In re A. GAGLIONE & SON.

(District Court, M. D. Pennsylvania. October 11, 1912.)

No. 2,152.

1. BANKRUPTCY (§ 140*)—PERSONAL PROPERTY—PROCEEDINGS TO RECOVER—CONDITIONAL SALE OR BAILMENT.

Petitioner delivered certain machinery to the bankrupts under a contract called a lease, reciting that the property was valued at $1,300, and was leased to the bankrupts for 11 months for a rental of $1,300, to be paid $400 in advance and $75 on the 1st of each of the 11 months, and at the expiration of the term to return the property to claimant; that, if the bankrupts made all the payments stipulated for, then, at their option, they might purchase the machinery within 30 days from the expiration of the time for which it was rendered, but not afterwards, by paying claimant $75 purchase money; that, in case the bankrupts tried to purchase at any time before the expiration of the lease, a discount of 6 per cent. would be allowed on the purchase money and rents unpaid; and that nothing in the agreement and no payment of purchase money, except as provided, should vest any title to the machinery in the bankrupts whatsoever. The cash payments were made on delivery of the machinery and negotiable notes executed and delivered by the bankrupts to the claimant, not only for the monthly rental installments, but for the amount provided to be paid by the bankrupt in case he exercised the option to purchase. *Held*, that the delivery and acceptance of the notes either in payment or to secure the payment presupposed a sale, and changed the contract from a bailment to a sale, so as to deprive the seller of the right to recover the machinery as against the bankrupts' trustee holding the right of a lien creditor as provided by Bankr. Act July 1, 1898, c. 541, § 47a (2), 30 Stat. 557 (U. S. Comp. St. 1901, p. 3438), as amended by Act June 25, 1910, c. 412, § 8, 36 Stat. 840 (U. S. Comp. St. Supp. 1911, p. 1500).

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 198, 199, 219, 225; Dec. Dig. § 140.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

2. BAILMENT (§ 3*)—NATURE OF CONTRACT—INTENT TO RETURN.
        To constitute a valid bailment, the intent to return the property
    must be evidenced by the agreement.
        [Ed. Note.—For other cases, see Bailment, Cent. Dig §§ 18–20; Dec.
    Dig. § 3.*]

3. BAILMENT (§ 31*)—NATURE OF CONTRACT—INTENT.
        A bailment is not to be presumed, though an intent to return the
    property appears from the writing, if it is otherwise conclusively shown
    that no return was, in fact, intended.
        [Ed. Note.—For other cases, see Bailment, Cent. Dig. §§ 124–131;
    Dec. Dig. § 31.*]

In Bankruptcy. In the matter of bankruptcy of A. Gaglione &
Son. On certificate to review a referee's order directing the trustee to surrender certain property to petitioner, P. M. Walton, alleged
to have been held by the bankrupt under a contract of lease or bailment. Reversed, and petition denied.

M. C. Rhone and A. R. Jackson, both of Williamsport, Pa., for
trustee.

T. M. B. Hicks and Wister M. Elliot, both of Williamsport, Pa.,
for claimant.

WITMER, District Judge. The petitioner, P. M. Walton, asks
the court to order and direct the trustee to deliver to him certain
machinery delivered by him to the bankrupt on two certain agreements in writing. The referee decided that the petitioner was entitled to the property on the ground that the contracts between the
parties constituted a bailment, and directed the return of it. The
writing, dated August 9, 1911, is as follows:

"August 9, 1911.

"Agreement made and entered into by and between P. M. Walton, of
1019 to 1029 Germantown avenue, city of Philadelphia, state of Pennsylvania, of the first part, and A. Gaglione and Son, of 115 East Third street,
city of Williamsport and state of Pennsylvania, of the second part, witnesseth:

"That the said party of the first part, agrees to rent to the said party
of the second part one (1) style D 10" cutting press, secondhand, one (1)
5′ kneader with plow, one #2 mixer with top bracket. All to be set up
at —— street, city of Williamsport, state of Pennsylvania. The above
is valued at $1,300.00.

"The term of the lease to be eleven months from the first day of August.
The rental shall be the sum of thirteen hundred dollars to be paid as follows: Four hundred dollars and no cents, in advance, and seventy-five dollars and no cents on the first day of each of said eleven months, constituting the term of the lease, at the office of said P. M. Walton, 1019 to
1029 Germantown avenue.

"And the party of the second part agrees to pay said several sums
promptly on the days herein fixed for the payment of same, and further
agrees not to move said machinery from their present place of business,
situated at 115 East Third street, city of Williamsport, state of Pennsylvania, without the consent in writing of the party of the first part.

"It is distinctly understood and agreed between the parties hereto, that
this is a contract of renting, and not a sale conditional or otherwise, and the
whole of the contract between the parties is expressed in this instrument,
and it is further understood and agreed that the said party of the second
part is to be the agent of the party of the first part, in holding and keep-

─────────────────────
*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

ing possession of said machinery herein rented, and that it is to be well preserved and carefully used by said party of the second part, and delivered up to the said party of the first part on demand.

"But the said party of the first part agrees not to demand a return of said property so long as it is properly used and kept at the place agreed upon and so long as the rent shall be faithfully and promptly paid according to the terms and spirit of this contract.

"At the expiration of the time for which the said machinery herein described is rented, the party of the second part shall return and deliver the same to the party of the first part in good order, save reasonable wear and tear.

"If the said party of the second part shall faithfully keep and perform this agreement and make all the payments herein stipulated when due, then and not otherwise, the said party of the second part, may at their option purchase the said machinery herein rented within thirty days from the expiration of the time for which the same is rented, and not afterwards, by paying the said party of the first part seventy-five dollars and no cents purchase money.

"And should the lessee desire to purchase (the machinery herein named) at any time before the expiration of lease, a discount of six per cent. (6%) will be allowed on purchase money and rents yet due.

"And upon payment of the purchase money the party of the first part shall sell and deliver said machinery by a good and sufficient bill of sale to the said party of the second part.

"Nothing in this agreement contained and no payment of money pursuant hereto, except the payment of the purchase money as above provided, shall in anywise vest, or be understood or construed to vest in the said party of the second part, any title, legal or equitable, to said machinery, for any term whatsoever, or shall prevent or hinder the said party of the first part, from reclaiming possession of said machinery, whenever said party of the second part fail to pay rent above stipulated, or shall in any other respect violate any of the conditions or covenants herein contained.

"In witness whereof, the parties hereto, have hereunto subscribed their names and affixed their seals this ninth day of August, A. D. 1911.

"P. M. Walton. [L. S.]
"A. Gaglione & Son. [L. S.]"

The writing, dated October 20, 1911, is in form like the preceding, differing only in the following:

"Witnesseth: That the said party of the first part, agrees to rent to the said party of the second part one style E cutting press, valued at six hundred fifty dollars.

"The term of the lease to be eleven months from the first day of November. The rental shall be the sum of six hundred and fifty dollars to be paid as follows: Two hundred dollars and no cents, in advance, and twenty-five dollars for ten months and one hundred dollars for one month on the first day of each of said eleven months, constituting the term of this lease, * * * with the same right to purchase by pay the sum of one hundred dollars."

It appears that, after the machinery was delivered to the bankrupt, these agreements were executed by the parties. The cash payments were made on delivery thereof. Negotiable notes were also at the same time signed and delivered by the bankrupt to the claimant, not only for the respective amounts provided as monthly rental accumulating, but for the amount provided to be paid by the bankrupt in the event he exercises the option to purchase said machinery.

[1] Looking the whole transaction over, it discloses a sale of property, and not a lease by bailment. It is true that the writing constitutes a valid bailment between the parties, but they went beyond

its plain terms and provisions. The purpose of the parties obviously was not to hire out, but to sell the machines. Their acts, as well as their writing, will be regarded by the court in determining the true character of the transaction. Since the amendment of section 47a(2) by Act June 25, 1910, the trustee is placed upon the footing of a creditor with a legal or equitable lien and may take full advantage of such rights. He may, therefore, attach a contract, in form of a bailment, and offer such evidence as will throw light upon the negotiations between the parties, disclosing its true meaning to be otherwise. A creditor may adopt their own construction and they cannot successfully object. This is well settled in Pennsylvania and elsewhere. Brunswick v. Hoover, 95 Pa. 508, 40 Am. Rep. 674; Peek v. Heim, 127 Pa. 500, 17 Atl. 984, 14 Am. St. Rep. 865; Ott v. Sweatman, 166 Pa. 217, 31 Atl. 102.

[2] To constitute a valid bailment, the intent to return the property must be evidenced by the agreement.

[3] Now, if this so appears from the writing, and it is otherwise shown conclusively that it was not so intended, a bailment is not to be presumed. In this case, the intention to return is denied by the act of the parties, the delivery and acceptance of the notes in payment of the purchase price of the machinery. Such payment or security for payment, if so to be regarded, presupposes a sale and rebuts the idea of a lease. If it had been the intention of the claimant to continue his title to the property, why did he require payment or security for such payment? That he was willing to pass title is evidenced by his act in the acceptance of the notes from the bankrupt, in the exercise of the latter's option to purchase by the terms of the writing, postponed to a future date, and having exercised his option to purchase, by the consent of the claimant, title was transferred. True it has been held that the acceptance of notes to secure the payment of rental provided in a valid bailment does not in itself change the agreement into a conditional sale (Lipencott v. Scott, 198 Pa. 283, 47 Atl. 1115, 82 Am. St. Rep. 801; Scale Company v. Galbraith, 20 Pa. Dist. R. 519), but it has nowhere been held that the delivery and acceptance of notes for the purchase price agreed upon in the option clause of the instrument, to purchase, will not stamp the act of the parties as an intended sale. To do so would be carrying the liberal construction, heretofore placed on bailments, entirely too far. The courts of Pennsylvania have already, in this particular, advanced further in favor of this form of security for property demised than those of many other of the states. This court will not carry the favor heretofore shown a whit further. As said by Judge Archbald, in Re Poore (D. C.) 15 Am. Bankr. Rep. 176, 139 Fed. 862:

"There is no occasion to be astute in upholding such instruments, which in nearly every case are intended to get around the law, and, for the mere purpose of securing the payment of the price, make out a bailment which in the real negotiation between the parties was understood to be a sale."

The security of the rental stipulated is not calculated to pass title because actual payment of the same would not do so, but who will argue that payment of the amount fixed as the option or purchase

money will not do so. If it does, surely the giving of security to pay the same will likewise operate as such. The bailment was converted into a sale by securing or paying the price for the property.

The order of the referee is reversed, and the prayer of the petition is denied.