In the Matter of MIDWEST AIRMOVING
CORPORATION, Bankrupt.
No. 82793.

United States District Court
N. D. Ohio, E. D.
July 2, 1959.

Theodore R. Spilka, pro se, and Marvin L. Gardner, Cleveland, Ohio, for trustee.

Howard L. Sokolsky, Stanley B. Wiener, Cleveland, Ohio, for Noll Equipment Co.

Order On Petition to Review

CONNELL, District Judge.

This matter came on to be heard before the Honorable James Connell on the Petition to Review of the Order of the Referee in Bankruptcy holding that the agreement entered into by and between the bankrupt and the Noll Equipment Company, the respondent herein, was a conditional sales contract, and not a lease and that failure to record said conditional sales contract, it was void as to the Trustee, on the Certificate of Review filed by the Referee, William B. Woods, the pleadings, transcript of testimony, and other papers attached to said Certificate of Review, and the arguments and Briefs of counsel for the respondent and cross petitioner, Noll Equipment Company, and counsel for the Trustee.

After due consideration, it is held that the agreement entered into by and between the Noll Equipment Company and the bankrupt is a conditional sales contract and not a lease, and that said conditional sales contract is void as to the Trustee by failure to record said conditional sales contract with the County Recorder as provided in Section 1319.11 of the Ohio Revised Code.

Wherefore, It Is Hereby Ordered, Adjudged, and Decreed that the Order of the Referee be, and the same is hereby sustained, and the Petition to Review denied. Findings of fact and conclusion of law of Referee are affirmed.

Certification of Referee

To the Honorable Judges of the United States District Court, for the Northern District of Ohio, Eastern Division, sitting in Bankruptcy:

I, William B. Woods, Referee in Bankruptcy, in charge of the above proceeding, do hereby certify:

That in the course of this bankruptcy proceeding, Theodore R. Spilka, receiver of bankrupt, filed his petition to sell certain chattels of the bankrupt, and to this Noll Equipment Company filed its answer and cross petition claiming reclamation of two items, and thereafter said chattels were sold by Theodore R. Spilka, trustee, and the rights of Noll Equipment Company as cross petitioner were transferred to the fund in the order of sale, subject to rights of said cross petitioner to be determined thereafter, to which said cross petitioner consented; and thereafter upon further hearing, statements of counsel, and filing of briefs, an order was entered on March 3, 1959 denying the lien of said petitioner, Noll Equipment Company, and allowing same as a general claim for $12,500. Cross petitioner, Noll Equipment Company, excepted to said order, and on March 5, 1959 filed its petition to review said order in the District Court.

Findings of Fact

(1) That a Creditors' Petition vs. Midwest Airmoving Corporation of Willoughby, Lake County, Ohio, was filed on January 2, 1959, and with it a consent to adjudication, and upon reference Theodore R. Spilka was appointed receiver of bankrupt, and said Theodore R. Spilka is now the acting and qualified trustee of said bankrupt.

(2) That said Noll Equipment Company, of Cleveland, Ohio, cross petitioner, and respondent herein, is and was at all times herein an Ohio Corporation engaged in buying and selling machinery.

(3) That on July 17, 1958 Midwest Airmoving Corporation, bankrupt herein, entered into a written agreement with Noll Equipment Company, which has been stipulated as Cross Petitioner's Exhibit 1, which said agreement concerned:

1 Hand Brake, 1 Model C. 3–8 Sturdybender Press Brake, 1 Dries & Krump Shear, Machinery, equipment, tools, parts, material, fixtures, office equipment, patterns, dies, blue prints, patents, parts in process, aluminum sheets, copper sheet, aluminize steel, trade name, and good will.

(4) That the Sturdybender Press Brake was purchased in June 1957 by the Noll Equipment Company for $4,700 (Rec. 8), and the Dries & Krump Shear and equipment was purchased on July 8, 1958 for $1,000, and both machines were delivered to the bankrupt in good operating condition, (Rec. 11).

(5) That promissory notes were given by the bankrupt to Noll Equipment Company, payable in twenty monthly installments for a total of $12,500, and that bankrupt after the 20th payment had the right to purchase the machinery for $1,250 (Corrigan testimony R. 27, Ruben's R. 38–9).

That the several original promissory notes given by bankrupt to Noll Equipment Company are attached to the exhibits of exceptor's memorandum brief filed by Noll Equipment Company's counsel on February 6, 1959.

(6) That all of the discussion with reference to the two machines were between Bud Noll, President of the Noll Equipment Company, and Robert Ruben, President of Midwest Airmoving Corporation, and that the terms of the written contract entered into were likewise made at the instance of Bud Noll and Robert Ruben (Rec. 35), and the only witness called to testify by cross petitioner, Noll Equipment Company, was Leo Corrigan, who was not present when said contract was signed, or discussed by the parties thereto (Rec. 35).

(7) That the appraisal of the two machines sold by said written agreement made by the appraiser for the Bankruptcy Court was $16,500, (R. 31).

(8) That the purchase price for the two machines was $12,500, of which $8,500 for the Sturdy Bender Press Brake, and $4,000 for the Dries & Krump Shear (Rec. 37).

(9) That the bankrupt pursuant to the terms of the contract (Exhibit 1—Paragraph 7) took out insurance for the said machines in the sum of $12,500, the list price for the two machines (R. 37-8).

(10) That by the terms of said written agreement (Exhibit 1—Paragraph 4) the bankrupt herein agreed to pay at its own cost and expense all repairs and replace all parts during the terms of said agreement (Rec. 28).

(11) That the said agreement (Exhibit 1) was not filed with the recorder of Lake County, the residence of plaintiff being at Willoughby, Lake County, Ohio (Rec. 60).

## Conclusions of Law

(1) That the written agreement of parties executed July 17th, 1958 for the sale of the chattels in question as evidenced by the accounts, the 20 notes given for the purchase price of $12,500, terms of the contract itself, and conduct of the parties, constituted a conditional sale contract and not a lease.

(2) That the only witness, Leo Corrigan, called to testify by the cross petitioner, was not present when the contract was entered into, or when the terms were agreed upon.

(3) That the agreement entered into on July 17, 1958 by and between the Noll Equipment Company and the Midwest Airmoving Corporation, the bankrupt herein, (respondent's Exhibit 1) was a conditional sales contract and was not recorded in Lake County, the residence of the corporation, as provided by Ohio Revised Code, Section 1319.11.

(4) That failure to file the conditional sales contract by the Noll Equipment Company with the County Recorder of Lake County as provided under Ohio Revised Code Section 1319.11, said conditional sales contract is void as to the Trustee.

(5) That the claim of lien of Noll Equipment Company, cross petitioner, is denied and dismissed, and that claim is allowed for $12,500 as a general claim.

## Memorandum

Theodore R. Spilka, Receiver of the Midwest Airmoving Corporation, bankrupt, filed his petition to sell assets of bankrupt, and to this Noll Equipment Company filed its answer and cross petition claiming reclamation of two items— a Hand Brake, being 1 Model C. 3-8 Sturdybender Press Brake, and one Dries & Krump Shear, with machinery and equipment parts in process, trade name and good will. The chattels of bankrupt including the two machines in question were sold by Theodore R. Spilka, trustee in bankruptcy, and the rights of Noll Equipment Company as cross petitioner were transferred to the fund in the order of sale, subject to the rights of the cross petitioner to be determined thereafter, to which said cross petitioner consented.

The facts in the controversy show that on July 17, 1958 Midwest Airmoving Corporation, now bankrupt, entered into an agreement with Noll Equipment Company for the leasing of the said tool machines, with an option to purchase at the end of twenty months after paying the sum of $12,500 in rental fees; and upon payment of said amount the equipment would belong to the bankrupt, as appears in Clause Two of the agreement (cross petitioner's Exhibit 1).

The agreement further provides that the lessee at its own cost and expense make all repairs and replace all parts during the term of the agreement (Clause 4); and the lessee shall at its own cost and expense insure the machinery and equipment at an amount equal to the list price (Clause 7).

The agreement was entered into by Sanford Noll, President of the Noll Equipment Company, and Robert Ruben, President of the Midwest Airmoving Corporation, and the record shows that the only witness, Leo Corrigan, was not present when the agreement was entered

into, or the terms discussed by the signers, Noll and Ruben.

The evidence shows that promissory notes were given by the Midwest Airmoving Corporation, now bankrupt, to Noll Equipment Company for an amount of $12,500, which notes were in the possession of Noll Equipment Company, but were not introduced as exhibits or part of the evidence; but since the hearing and the memorandum briefs filed by Noll Equipment Company on February 6, 1959 said several notes were attached to the memorandum brief filed by said cross petitioner. The appraisal of the property in question was made by the court appraiser and was for the amount of $16,500.

The evidence further shows that the agreement entered into between Noll Equipment Company and the bankrupt was never recorded in Lake County, the situs of said bankrupt corporation.

### Law

The question here presented is whether or not the agreement entered into by bankrupt and the Noll Equipment Company was a conditional sale contract, or a lease, and if a conditional sale contract, was it valid as against the trustee in bankruptcy, although not recorded in Lake County, Section 1319.11 of the Ohio Revised Code which required filing with the Recorder in the County of the buyer of chattels so sold.

In determining whether or not a lease entered into by and between a Lessor and Lessee is a conditional sales contract is determined by the action of the parties and the terms of the lease which includes an option to purchase. The Courts have held that where a so-called lease contains no reference to a prospective purchase if in reality the real Agreement is that the property should belong to the Lessee upon the payment of a rental for the terms specified it will be held to be a conditional sale. There are several cases which support this viewpoint. In the case of In re Pickett, 37 Ohio Law Rep. 153, it was held:

"Contract under which one party leases to another a piece of farm machinery for a certain number of months for payment of certain sum down and certain further sums at later dates, and providing that Lessee may purchase the machinery at the end of the term by paying Lessor further the sum of One Dollar, is a conditional sales contract."

In re Pickett, supra, the facts are almost identical with the one before this Court. The Lessor agreed to buy a harrow for $260 paying the lessee $10 down and he was to give two notes one for $100 and one for $150, and after the payment of $250 he was entitled to purchase the harrow for one Dollar. The Lessee entered into this contract on June 4, 1931, and was adjudicated a bankrupt on December 16, 1931, *and no payment was made on the contract;* nor on the notes to the Lessor.

The Court said on page 154:

"Lessor agreed to purchase a harrow for $260.00, $10.00 down and two notes, both dated June 4, 1931, one for $100.00, payable July 1, 1931, and the other for $150.00 dated October 15, 1931. Lessee, if all conditions kept, can purchase upon expiration of the term for $1.00."

On page 155,

"The Bankrupt filed his Petition in Bankruptcy and was adjudicated a bankrupt on December 16, 1931. *Nothing was paid by him on the contract nor on the notes.*" (Italics ours.)

This reported Ohio case is quite like the one now before this Court. Here the bankrupt agreed to purchase two machines for $12,500, and gave notes in varying amounts to be paid in twenty months. At the end of the period upon payment of $1,250 the machines were to be purchased by bankrupt for that amount. Nothing was paid on this contract, and as in the Pickett case, supra, the Court finds that it was a

conditional contract which should have been recorded. In the present case the conclusion seems more compelling because this bankrupt was to carry insurance on the machinery, and was to make all repairs.

Extensive briefs have been filed by counsel for the parties, but without reviewing the decisions quoted, it seems apparent that the rule of the Pickett case must be applied here. A recent decision to the same effect is recorded from the Fifth Circuit as late as December 11, 1958, appearing in 261 F.2d 588, 591; the case entitled First National Bank of Fort Smith v. Phillips. As in the case at bar, the seller insisted that the buyer had no obligation to pay, and the Court cited Willison on Sales, Second Edition, Section 336, Page 780:

> "In determining whether or not a given instrument is a conditional sales contract, we must find what the intention of the parties was at the time it was entered into. * * * Once the intention of the parties becomes clear, it is immaterial what the instrument is called, nor how skillfully the real intention of the parties is disguised * * *".

Hutcheson, Chief Judge of the Fifth Circuit, answering the argument of this cross petitioner, said on page 592 of 261 F.2d:

> "Appellants' reliance upon the fact that the bankrupt 'was not obligated at all to pay the total purchase price' as establishing that the instrument was not a conditional sale by a lease, is, we think, entirely misplaced".

In 9 Ohio Jurisprudence, 2d, page 623, Paragraph 7, rule is stated as follows:

> "The test most frequently applied in determining the character of a contract, as a conditional sale or a lease, is whether the so-called lessee is obligated to accept and pay for the property at some future time; if this is the effect of the contract, it will be construed to be one of conditional sale, and not a

lease, notwithstanding the use of terms therein commonly used in leases and not ordinarily used in sales contracts. So too, a contract which purports to be a lease with an option of sale may be a conditional sale and come within the operation of the statutes as to the letter. And even where the so-called lease contains no reference to a prospective purchase, if the real agreement is that the property should belong to the lessee upon the payment of the rental for the term specified, it is a conditional sale".

Other cases are to be found In re Sheets Printing & Manufacturing Company, by Judge Taylor of this District, found in D.C., 136 F. 989, Volume 14 Am.Bankr.Rep., page 668. Also there is Unitype Company v. Long, 143 F. 315, 16 Am.Bankr.Rep., page 282, decided in 1906 by Sixth Circuit, and In re A. Gaglione & Son, D.C., 200 F. 81, 28 Am. Bankr.Rep. 694. Also In re Rainey, D. C., 31 F.2d 197.

So the failure to file the written agreement as a conditional sale contract with the Recorder of the County, residence of buyer, here Lake County, by the cross petitioner, makes void its claim of lien, and was so held by this Referee In re Hatchmaster Incubator Company No. 50361, in a bankruptcy proceeding in this Court. Also it might be noted that the same rule applies as to liens of chattel mortgage claimants, where the filing has been in a County other than that of the residence of the mortgagee, and was so held by His Honor Judge Jones in these cases—In re K-T Sandwich Shoppe of Akron, D.C.1929, 34 F.2d 962, and In re Poston Construction Company, D.C.1953, 115 F.Supp. 323.

The finding is that the claim of lien of cross petitioner, Noll Equipment Company, be denied and dismissed, and that its claim for $12,500 be allowed as that of a general creditor.

Respectfully submitted
Wm. B. Woods
Referee in Bankruptcy.