In re S. SPITZEL & CO

(District Court, E. D. New York.     February 24, 1909.)

BANKRUPTCY (§ 140*) — ADMINISTRATION OF ESTATE—DISPOSITION OF PATENTED
   ARTICLES—LICENSE CONTRACT.
      A bankrupt was a dealer in patented pens, under a license from the
   manufacturer and owner of the patent which required him to sell only at
   a fixed retail price and to account for all pens sold at the list price, and
   for all not sold, which he was privileged to return. *Held* that, as to the
   pens on hand at the time of bankruptcy, the trustee was bound by the
   terms of the license, and must either return the same, or, if he sold them,
   do so at the retail price, and pay over the wholesale price to the manu-
   facturer.

      [Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 140.*]

In Bankruptcy.

Watson & Raymond, for petitioner.
Thomas & Oppenheimer, for receiver.

CHATFIELD, District Judge.   S. Spitzel & Co. are in bankruptcy.
They conducted a jewelry business, and sold Waterman fountain pens,
under a license which contains no provisions as to revocation by
contingencies such as insolvency, but is terminable at the pleasure
of the parties.   The contract also contains a provision that the licensee
may return, at the cost price, any pens not sold by him, and receive
full credit therefor.   The license is a privilege to sell at retail for
not less than the regular retail price, and to receive credit at the list
price for any pens not sold.   The Waterman Company is a creditor of
S. Spitzel & Co., and has also brought reclamation proceedings for a
quantity of pens on hand at the time of the filing of the petition.   The
matter has been referred to a special commissioner, and he has re-
ported that, without passing upon any question as to what shall be
done with the pens, the reclamation proceeding must be denied, in-
asmuch as title has passed.

   The attorney for the receiver has cited certain cases, among them
Wilder v. Kent et al. (C. C.) 15 Fed. 217, under which a sheriff has
been held to have delivered, upon sale under execution, the right to
use patented property without the vendee thereof being liable for in-
fringement; and he argues that in the present situation the receiver
or trustee in bankruptcy can sell the pens under the original license.
As the special commissioner has said, this has no bearing upon the
reclamation proceedings; but the question might as well be consider-
ed at the present time.   The title to the pens has passed.   The license
was valid, and was a personal one to the bankrupt.   The receiver, be-
fore adjudication, was merely acting for the court in the place of the
bankrupt, and might well be held to have the right to dispose of the
individual pens at the same price which the bankrupt would obtain,
at least until the license was revoked.   After adjudication no sale
could be had, unless at retail; for if the trustee stands in the shoes
of the bankrupt, to the extent of having the benefit of the license,

he must respect that license to the extent of not violating its terms as to sale.

The question immediately arises, therefore, whether the trustee, if he acts under the license for the purpose of selling the pens (it being assumed that a purchaser at retail for value would not be an infringer, unless he had knowledge and was contributing to the infringement), can repudiate the contract by which he is bound to sell only under certain conditions, and under which he would have to account for all pens sold at retail by him at the agreed rate, and also for all pens not sold. The trustee contends that this would be creating a preference, that he has the right to sell the pens under the license, and, instead of turning in the full wholesale price, to compel the Waterman Company to prove its claim to the entire lot of pens as a general creditor.

The court is not willing to countenance such a situation. The report of the special commissioner is manifestly correct, and must be confirmed. The pens were sold, title passed, and they cannot be made the basis of a reclamation proceeding. But, assuming that they are a part of the bankrupt's estate, nevertheless, as a patented article, they are subject to the rights of license. Such a license is in the nature of a contract, and the conditions of the contract with reference to each pen sold are not fulfilled until the sale. If, therefore, the receiver, representing the bankrupt, or the trustee, desires to carry on the contract, he should comply with its terms; and, assuming that the condition under which the Waterman Company is to receive the contract price for each pen is not fulfilled until the sale is made, such contract would not be carried out until after the payment to the Waterman Company had been made.

If adjudication has been had, or if adjudication has not yet been had at the time of sale of the particular pen in question, still the sale will have been made under a license which, if it has not been revoked, must be considered assumed by the receiver or trustee, and, if assumed, the question of infringement would seem to determine that the exact terms of the license must be complied with, and the wholesale price of the pens accounted for to the Waterman Company, even if they thereby secure somewhat the same results as from a conditional sale under the New York state statute.