In the Matter of the General Assignment for the Benefit of Creditors of LAW BOOK CO., INC., Assignor, to DAVID L. KLEIN, Assignee, Respondent.

ABRAHAM L. SAINER, Claimant, Appellant.

First Department, November 3, 1933.

*Lewis Mayers* of counsel [*Abraham L. Sainer* with him on the brief; *Elmer F. Quinn*, attorney], for the claimant, appellant.

*Edward M. Ladden*, for the assignee, respondent.

GLENNON, J. The assignor, Law Book Co., Inc., made an assignment for the benefit of creditors to the respondent assignee and filed it on October 18, 1932. At that time there was an outstanding contract between the assignor company and the claimant. This contract related to the publication and sale of law books written by the claimant. Under its provisions, the ownership of the copyrights was reserved to the claimant. The publisher was merely given the privilege of publishing and selling the claimant's books upon payment by it of specific royalties for each book sold. The assignee thereafter gave notice to creditors that the assets of the company, including a number of the books written by the claimant, would be sold at public auction. Claimant notified the assignee of the existence of the contract, as well as of its terms. Upon the sale at public auction, the notice was read to the prospective purchasers. Nevertheless the books were sold without protection to the claimant of his rights under the copyright agreement. The amount realized from the sale of the claimant's books was $297.70. The amount due the claimant under the terms of his contract was $1,122. After the sale the claimant demanded payment of royalties in the sum to which he was justly entitled. The assignee refused to comply with his demand upon the ground that the claimant could only share, if at all, as a general creditor.

We are of the opinion that the claimant was entitled to the

benefit of his contract and that the refusal to carry out the agreement with reference to the payment of royalties was improper. Our attention has not been called in the briefs to any authorities which are directly in point. The situation of an assignee, however, is analogous to that of a trustee in bankruptcy. It has been said many times that a trustee stands in the shoes of the bankrupt. So here it should likewise be said that the assignee stands in the shoes of the assignor. Since the assignee saw fit to reap the benefits of the contract which the claimant had made with the assignor, he should be compelled to carry out its provisions and protect the rights of the claimant.

A Federal case, *Matter of Spitzel & Co.* (168 Fed. 156), presented a situation similar to that now before this court. The bankrupt conducted a jewelry business and sold Waterman pens under a license from the Waterman Company. S. Spitzel & Co. were permitted to sell the pens at retail for not less than a specified price. They were to receive credit for any pens not sold. The Waterman Company sought to reclaim the pens not sold. It was held that title to the pens was in the bankrupt at the time of the adjudication and, therefore, the pens as such could not be reclaimed. However, the court said: " The pens were sold, title passed, and they cannot be made the basis of a reclamation proceeding. But, assuming that they are a part of the bankrupt's estate, nevertheless as a patented article, they are subject to the rights of license. Such a license is in the nature of a contract, and the conditions of the contract with reference to each pen sold are not fulfilled until the sale. If, therefore, the receiver, representing the bankrupt or the trustee, desires to carry on the contract, he should comply with its terms; and, assuming that the condition under which the Waterman Company is to receive the contract price for each pen is not fulfilled until the sale is made, such contract would not be carried out until after the payment to the Waterman Company had been made."

This reasoning is logical and is applicable to the facts now before this court.

It cannot be disputed that the claimant had a property right in the books. He expressly retained ownership of it. The publisher obtained no more than a license to publish and sell subject to it. The exercise of this license was conditioned upon payment of specific royalties. The assignee received no better rights than his assignor had. He could not sell the books and ignore the contract. He was bound to respect its provisions and to live up to the conditions imposed. One of these conditions was the payment of

royalties. The claimant had an absolute right to receive the royalties to which he is entitled under the terms of the contract.

The order should be reversed, with twenty dollars costs and disbursements, and the motion granted, with ten dollars costs.

FINCH, P. J., MARTIN, O'MALLEY and TOWNLEY, JJ., concur.

Order reversed, with twenty dollars costs and disbursements, and motion granted, with ten dollars costs. Settle order on notice.