In the Matter of the Assignment for the Benefit of Creditors by BRASILE PELLEGRINI, Assignor, to CHARLES ARNOWITZ, Assignee, Respondent.

DOYNE & WERTHEIM CORP., Petitioner, Appellant.

Second Department, October 30, 1936.

Abraham Kaufman, for the appellant.

Max G. Koenig, for the respondent.

YOUNG, J. On February 25, 1936, the predecessors of the petitioner sold to the assignor a certain Globe slicing machine upon a conditional sales contract providing that title to the machine should remain in the seller until the entire purchase price was paid. That contract was never filed. On April 22, 1936, the buyer made a general assignment for the benefit of his creditors to the respondent and, at the time of the assignment, the buyer was in default and none of the installments provided for in the contract had been paid. The respondent, the assignee, took possession of the slicer and claimed it as part of the debtor's estate, but, pursuant to a stipulation between the parties, the slicer was delivered to the petitioner to be held in escrow pending the decision of the court. The petitioner then moved in this proceeding for an order directing the assignee to deliver the machine or its value to it. Its motion was denied and the order appealed from was made.

Section 65 of the Personal Property Law provides as follows: " Every provision in a conditional sale reserving property in the seller shall be void as to any purchaser from or creditor of the buyer, who, without notice of such provision, purchases the goods or acquires by attachment or levy a lien upon them, before the contract or a copy thereof shall be filed as hereinafter provided."

Within the language of the foregoing section, the respondent is neither a purchaser without notice nor a creditor of the conditional buyer with a lien acquired by attachment or levy. His title is acquired by appointment and not by purchase, and he stands in the shoes of his assignor and takes title subject to every equity and claim that might be asserted by third parties against his assignor. (*Kane Co.* v. *Kinney*, 174 N. Y. 69; *Matter of Law Book Co., Inc.*, 239 App. Div. 363; *Snyder, Inc.*, v. *Aker*, 134 Misc. 721; *Creamery Package Manufacturing Co.* v. *Horton*, 178 App. Div. 467.) In the case last cited a silo had been sold on conditional sale and the contract was not filed. The conditional buyer went into bankruptcy, and it was held that the conditional vendor was entitled to the silo as against the trustee in bankruptcy.

The respondent invokes section 17 of the Debtor and Creditor Law and section 19 of the Personal Property Law, which he says must be read in conjunction with section 65 of the Personal Property Law. Section 17 of the Debtor and Creditor Law provides that claims which, for want of record or for other reasons, would not have been valid as against the claims of the creditors of the assignor shall not be liens against his estate. Section 19 of the Personal Property Law provides in substance, so far as material to the question presented here, that an assignee may, for the benefit of

creditors interested in personal property held in trust, disaffirm and treat as void any transfer or agreement made in fraud of the rights of any creditor interested in the estate or property.

In *Stich* v. *Pirkl* (100 Misc. 594) it was held that a chattel mortgage, unless filed within a reasonable time, is void as to the creditors of the mortgagors, and that a delay of more than ten months is unreasonable, and that, under section 17 of the Debtor and Creditor Law, the assignee for the benefit of the creditors of a mortgagor may attack the validity of the mortgage which was not filed for more than ten months after it was made.

In my opinion, that case has no application to a conditional sales contract. The language of section 230 of the Lien Law is entirely different from that of section 65 of the Personal Property Law. This distinction was clearly pointed out in *Baker* v. *Hull* (250 N. Y. 484, 489), where it was said: " It will be noted that a chattel mortgage, not promptly filed, is absolutely void ' as against the creditors of the mortgagor,' not merely as against judgment creditors having executions; whereas, in a conditional sale, the condition reserving title is void only as against creditors who acquire ' by attachment or levy a lien ' upon the chattels sold ' before the contract or a copy thereof ' is filed."

Nor does section 17 of the Debtor and Creditor Law or section 19 of the Personal Property Law apply to the situation disclosed in the case at bar. The general language of section 17 of the Debtor and Creditor Law does not vest the assignee with the rights of a judgment creditor who has acquired a lien by attachment or levy.

Nor do the provisions of section 19 of the Personal Property Law give the assignee any such right. That section simply permits and makes it the duty of the assignee to disaffirm fraudulent transfers of the assignor, and for that purpose he represents creditors. But there was no fraud in this transaction, and neither of these sections justifies this order.

The order should be reversed on the law, with ten dollars costs and disbursements, and the motion granted, with ten dollars costs.

LAZANSKY, P. J., HAGARTY, ADEL and TAYLOR, JJ., concur.

Order denying motion to direct an assignee to deliver to the petitioner a certain chattel sold to the assignor under a conditional sales contract reversed on the law, with ten dollars costs and disbursements, and motion granted, with ten dollars costs.