In the Matter of the General Assignment for the Benefit of Creditors of CARUSO-STURCEY CORPORATION, Assignor, to ARNOLD R. LEWIS, Assignee.

Supreme Court, Special Term, Westchester County, October 18, 1951.

*Arthur C. Parker* for Turbine Equipment Company, petitioner.

*George Tilford* for assignee.

*Breed, Abbott & Morgan* for Caruso-Sturcey Corporation, claimant.

DOSCHER, J. On or about July 20, 1951, Turbine Equipment Company (herein called Turbine) delivered to Caruso-Sturcey Corporation (herein called Caruso), under a conditional bill of sale, certain equipment. The said sale was made on the theory that Caruso would use the said equipment in connection with a public improvement. Before making any payment on account of the sales price, Caruso executed and delivered an assignment for the benefit of creditors.

Turbine has now petitioned the court for an order enjoining and restraining the assignee for the benefit of creditors from selling the materials involved and directing the return thereof to Turbine. In his answer the assignee, *inter alia,* denied knowledge whether the materials are in his possession. Such denial is sham and frivolous. A sale of the assets is imminent and, certainly, the assignee has, or can obtain, either the debtor's inventory required by section 4 of the Debtor and Creditor Law, or the catalogue of sale. The court must proceed on the theory that the assignee has the property in his possession or under his control.

Under section 39-c of the Lien Law, materials delivered, but not used or incorporated in a public improvement, may be repossessed. This right to repossession is limited to the extent of not being effective against a purchaser or incumbrancer in good faith whose interest arose after transfer of the materials from the site or against an *attaching creditor* after such transfer. Certainly, an assignee for the benefit of creditors is not, and does not stand in the position of a purchaser or incumbrancer. The sole question in this connection is whether such assignee has the rights of an *attaching creditor*. In this connection a differentiation must be made between a chattel mortgage and a conditional bill of sale.

Under section 230 of the Lien Law, an unfiled chattel mortgage is void as against " creditors of the mortgagor ". Under section 65 of the Personal Property Law an unfiled conditional bill of sale is void against a " creditor * * * who * * * acquires by attachment or levy a lien upon them ". In the case of a conditional bill of sale, the reservation of title would be valid as against a creditor who has neither attached nor levied, notwithstanding the failure of the seller to file his conditional bill of sale (*Baker* v. *Hull*, 250 N. Y. 484).

The rights of the assignee for the benefit of creditors are governed by statute. Under section 17 of the Debtor and Creditor Law, only such claims as are invalid for want of record as against " creditors of the assignor " are invalid against his estate. The best possible situation of an assignee is that of a creditor; but not that of an *attaching creditor* (whose rights are greater than those of an ordinary creditor). Since an ordinary creditor could not claim an invalidity of the conditional bill of sale because of failure to file, the assignee cannot claim such invalidity (*Matter of Pellegrini*, 248 App. Div. 526). If there was an unfiled chattel mortgage instead of an unfiled conditional bill of sale involved, the rights of the assignee being those of a creditor, he could have taken the property as part of the estate (*Matter of Brown Bomber Baking Co.* [*Fiske*], 293 N. Y. 141).

The assignee has urged that the conditional bill of sale should have been filed with the Superintendent of Public Works and the Comptroller of the State of New York under section 65-a of the Personal Property Law. No question can exist that this was not done timely or ever. The failure to so file does not affect Turbine's rights, for the section only makes such unfiled instruments " void as to the state, or any political or civil sub-

division thereof ''. No claim is made here as against anyone except the assignee who succeeded to the rights of the vendee, Caruso.

Motion of Turbine to enjoin and restrain sale by the assignee of the property mentioned in the petition and directing the return thereof is granted. Submit order.