Cyril J. Brown, J.
Under separate conditional sales agreements respondents, S. & M. Schwartz & Co. and Toledo Scale Company, sold certain equipment and fixtures to petitioner’s assignor, a domestic corporation. The equipment was installed in the assignor’s place of business in Queens County and copies of the sales agreements were filed in the proper district. Subsequent thereto, the assignor, with respondents’ knowledge, moved the fixtures and equipment to Nassau County. Neither respondent filed copies of its agreement in Nassau County subsequent *586 to the removal and shortly thereafter the conditional vendee entered into a general assignment for the benefit of creditors.
The assignee seeks a determination of the validity of the respective claims of respondents arising out of the conditional sales agreements now contended by respondents to be valid liens against the fixtures and equipment covered thereunder and to adjudge the amount due on each.
Assignee claims that the conditional sales agreements are void as to him since both conditional vendors failed to comply with section 74 of the Personal Property Law which provides for the refiling of conditional sales agreements on removal to another filing district, and that the situation must be governed by section 17 of the Debtor and Creditor Law.
Since the assignee is neither a “ purchaser without notice ” nor a “ creditor ” of the conditional vendee with a lien acquired by levy or attachment, section 74 does not afford the assignee any rights and does not void the conditional sales contract (Matter of Central Park Dairyland, 179 Misc. 611).
Section 17 of the Debtor and Creditor Law provides: “ Claims which for want of record or for other reasons would not have been valid as against the claims of creditors of the assignor shall not be liens against his estate.” The Court of Appeals has declared that under this section failure to file a chattel mortgage will defeat a mortgagee’s lien against the chattels in the hands of an assignee for the benefit of creditors (Matter of Brown Bomber Baking Co. [Fiske], 293 N. Y. 141).
Respondents claim, however, that the decision in the Brown Bomber case is not binding in this case since a conditional sales agreement, and not a chattel mortgage, is involved herein. To sustain their position respondents rely on Matter of Pellegrini (248 App. Div. 526). The conditional vendor therein failed to file a copy of its conditional sale agreement before the vendee made a general assignment for creditors. In preserving the lien claimed by the vendor, the court distinguished that case from one involving a chattel mortgage. The court said (p. 528):
“ The language of section 230 of the Lien Law is entirely different from that of section 65 of the Personal Property Law. .This distinction was clearly pointed out in Baker v. Hull (250 N. Y. 484, 489), where it was said: ‘ It will be noted that a chattel mortgage, not promptly filed, is absolutely void “as against the creditors of the mortgagor,” not merely as against judgment creditors having executions; whereas, in a conditional sale, the condition reserving title is void only as against creditors who acquire “ by attachment or levy a lien ” upon the chattels sold “ before the contract or a copy thereof ” is filed.’
*587 “Nor does section 17 of the Debtor and Creditor Law or section 19 of the Personal Property Law apply to the situation disclosed in the case at bar. The general language of section 17 of the Debtor and Creditor Law does not vest the assignee with the rights of a judgment creditor who has acquired a lien by attachment or levy.” This distinction was before the Court of Appeals in its consideration of the Brown Bomber case and it failed to overrule that holding. Therefore, this court finds that the liens of the respondents under their conditional sales agreements are valid and preserved against the assignee (see, also, Matter of Caruso-Stureey Corp. [Lewis], 200 Misc. 936).
The balance due respondent S. & M. Schwartz & Co. under the conditional sale agreement dated October 4, 1955 is $17,386.25 with interest from December 1, 1955, and the balance due respondent Toledo Scale Company is $1,104.26 with interest from November 8, 1955.
Submit order.