IN THE MATTER OF THE GENERAL ASSIGNMENT FOR THE BENEFIT OF CREDITORS OF BRILL'S HARD-WARE COMPANY, INC., A CORPORATION OF THE STATE OF NEW JERSEY, ASSIGNOR, TO SAM H. LIPSON, ASSIGNEE.

Bergen County Court
Probate Division

Decided April 17, 1961.

*Mr. Henry H. Schmidt* for assignee for benefit of creditors (*Messrs. Rosenberg, Schmidt & Greenhalgh,* attorneys).

*Mr. I. Louis Logan,* attorney for claimant.

Brown, J. C. C.   In the assignment for the benefit of creditors of Brill's Hardware Company, Inc., an issue of law has been developed between the assignee and Pollock Cash Register Co., vendor in the conditional sale of two cash registers included among the assets of the assignor. The conditional sale was made on November 27, 1957, with a reservation of title until full payment. The contract was filed on January 20, 1958. It is uncontroverted that on March 10, 1961, the date of the assignment, the contract had not been duly refiled. The precise question for determination is whether the vendor's lien is nevertheless valid against the assignee.

The vendor argues that the assignee can have no better title than his assignor; that the conditional sale would be good against the vendee without filing and that therefore it is good against the assignee who "stands in the shoes" of the vendee.

No decisional law in point has been cited in the memoranda. But the vendor refers to *Depew v. C. W. Depew & Co.,* 98 *N. J. Eq.* 461 *(Ch.* 1925), and *Koerner v. U. S. Waxed & Paper Coated Co.,* 94 *N. J. Eq.* 655 *(Ch.* 1923) in support of its thesis. Both cases involved conflict between conditional vendors and receivers. In each instance the vendor prevailed even though the contract was not filed. The rationale was best expressed in *Koerner.* The court rejected the receiver's contention that his appointment gave him the status of one with a "levy" within the contemplation of the Uniform Conditional Sales Act (now *R. S.* 46:32–11). According to the court, the statutory language was not intended to equate the possession of a receiver with a "levy." To do so would be to extend the plain legal meaning of the term by implication, the court said.

The assignee in the present case is not limited to reliance upon the invalidating provision of the Uniform Conditional Sales Act. He stands in a more favored position than did the receivers in the foregoing cases. The assignee administers the assigned estate pursuant to enabling

legislation. He "stands in the shoes" of the assignor with general powers to act in his stead as his "successor." *N. J. S. 2A*:19–13. *N. J. S. 2A*:19–14, however, vests the assignee with further power oriented to an additional interest. The assignee is designated as:

"* * * the representative of the creditors of the assignor, and shall have the same power * * * to recover or reach assets for the benefit of the creditors as a creditor would have who was the holder of a judgment and levy against the assignor and his property at the date of the assignment."

█ The "levy" quality which the court could not find present in the receiver's possession in *Koerner* is explicitly created for the assignee, as of the date of the assignment, by *N. J. S. 2A*:19–14. The declared intent of the section is to remove the assignee from a status of mere succession and to place him in an adversary position with respect to the assignor's property for the benefit of creditors.

*In re Pellegrini,* 248 *App. Div.* 526, 290 *N. Y. S.* 774 (*App. Div.* 1936), a New York decision, is illuminating in the absence of pertinent New Jersey authority. In that case a slicing machine was sold on conditional sale. The vendee thereafter made an assignment for the benefit of creditors. The conditional sale contract was never filed. The assignee took possession of the slicer claiming it as part of the estate. The vendor moved for an order directing the assignee to deliver the machine or its value. At the time of the litigation, section 65 of the New York Personal Property Law incorporated from the Uniform Conditional Sales Act substantially the same provisions which now appear as *R. S.* 46:32–11.

The court said:

"Within the language of the foregoing section, the respondent is neither a purchaser without notice nor a creditor of the conditional buyer with a lien acquired by attachment or levy. His title is acquired by appointment and not by purchase, and he stands in the shoes of his assignor and takes title subject to every equity and

claim that might be asserted by third parties against his assignor."
(290 *N. Y. S.*, at *p.* 775)

The assignee invoked other statutory provisions which he urged should be read in conjunction with the Uniform Conditional Sales Act. In particular, he depended upon section 17 of the Debtor and Creditor Law, *McKinney's Consol. Laws, c.* 12 and section 19 of the Personal Property Law, *McKinney's Consol. Laws, c.* 41. Neither section applied to the situation disclosed, according to the opinion:

"The general language of section 17 of the Debtor and Creditor Law does not vest the assignee with the rights of a judgment creditor who has acquired a lien by attachment or levy. Nor do the provisions of section 19 of the Personal Property Law give the assignee any such right." (290 *N. Y. S.*, at *p.* 776)

The relief demanded by the vendor was allowed because the assignee was not vested with the right expressly granted by *N. J. S.* 2A:19–14. *In re Pellegrini* was followed in a 1957 New York Supreme Court decision, *In re Herschcopf Food Corp.* reported in 160 *N. Y. S. 2d* 695.

For the foregoing reasons the Pollock lien is invalid as against the assignee and the proceeds of the sale in the sum of $600 are available to the estate.