**In the Matter of HEROLD RADIO & ELECTRONICS CORP., Bankrupt.**

United States District Court
S. D. New York.
May 6, 1963.

Krause, Hirsch, Gross & Heilpern, New York City, for Petitioner Boothe Leasing Corp.

Levy, Levy & Ruback, and Leinwand, Grossman & Maron, New York City, for trustee; Sydney Basil Levy, New York City, of counsel.

McLEAN, District Judge.

■■ The Referee correctly held that the question at issue is to be determined by the law of New York, where the property is located. The provision in the contract that the contract shall be construed in accordance with California law, although effective as between the parties to the contract, does not bind the Trustee. Maguire v. Gorbaty Bros., 133 F.2d 675 (2d Cir. 1943)

On the merits, I reach the same conclusion as the Referee did, although by a somewhat different route. Section 61(2) of the New York Personal Property Law, McK.Consol.Laws, c. 41, sets forth two conditions which must be met before a contract for the lease or bailment of goods becomes a conditional sale, i. e., (1) the contract must require the lessee to pay as compensation a sum substantially equivalent to the value of the goods, and (2) it must provide either that the bailee is bound to become the owner of the goods at the end of the contract term or that he has an option to become the owner at that time.

There is no doubt that the contracts involved here satisfied the first condition. The total cost of the goods, including installation charges, was $90,728.29. This was their value at the beginning of the term. The amount to be paid by the lessee over the term of the contract was $113,229. Although an undefined portion of this sum was doubtless composed of interest and financing charges, it is still apparent that the total "rental" was substantially equivalent to the value of the goods.

As to the second condition, the Referee's finding that the lessee was bound to become the owner of the property at the end of the term is obviously erroneous, if the Referee meant literally that the lessee was legally bound. But if this finding is held erroneous on a literal reading of the statute, it is equally true that there was literal compliance with the second alternative, since the lessee had, under the contract, an option to become the owner.

■ In my opinion, neither alternative should be construed literally. Rather the question is whether the lessee is bound as a practical matter, that is to say, whether the terms of the contract are such that the lessee's only sensible course, at the end of the contract term, is to become the owner of the goods. Where the option price, i. e., the amount to be paid in order to acquire full title at the end of the term, is disproportionately small in comparison with the total

286

rental already paid, it has been held that the contract constitutes a conditional sale. Burroughs Adding Machine Co. v. Bogdon, 9 F.2d 54 (8th Cir. 1925) In re Rainey, 31 F.2d 197 (D.Md.1929)

That is true here where the total option price of $11,341 is only approximately 10 per cent of the total rental of $113,229.

Judge Croake in Matter of Crown Cartridge Corp., 62 B 466 (S.D.N.Y.1963, unreported), held a somewhat smaller fraction sufficient to make the arrangement a conditional sale. There the option price was $4,505.47, a sum which was 7.7 per cent of the total rental of $58,616.75.

In Crown Cartridge, the Referee also compared the option price with the value of the property at the end of term and found the price to be substantially less than the value. Judge Croake held this to be a further indication that the agreement subjected the lessee to economic pressure to pay the option price.

Petitioner complains that the Referee ignored such a comparison in this case. Petitioner's appraiser testified to his opinion that the "pullout" value of the property would be $7,935 at the end of the contract. Petitioner argues that when the option price of $11,341 is compared with this figure, it is apparent that the contract offers no inducement to the lessee to exercise the option.

The fallacy in petitioner's argument, to my mind, lies in the fact that it ignores the realities of the situation. The property covered by these contracts was not a piece of machinery that could readily be removed. The property consisted of partitions, lighting fixtures, electrical wiring, compressed air lines and the like, all of which became an integral part of the building. It originally cost $44,853.70 to install. Presumably, it would cost approximately as much to install similar equipment if this were removed at the end of the term. The lessee would thus be faced at that time with two alternatives: (1) he could pay the lessor $11,341 and leave the building undisturbed, or (2) he could tear the building apart, or permit the lessor to do so, and take out the partitions, electrical wiring, compressed air lines and the like. Thereafter he would be required to spend at least $7,935 for equipment in exactly similar state to that which had been removed, plus some $45,000 to reinstall it, a total of approximately $53,000. In the meantime, he would have suffered all the inconvenience and disturbance attendant upon dismantling of his premises. Manifestly, his only sensible course would be to pay the $11,341. Thus, as a practical matter, he was bound to exercise his option to purchase the equipment. It follows that the second condition of the statute is satisfied in this case and that the contract should be construed as a conditional sale. The order of the Referee is affirmed.

So ordered.