327 F.2d 564
 In the Matter of HEROLD RADIO & ELECTRONICS CORP., Bankrupt.
BOOTHE LEASING CORPORATION, Petitioner-Appellant,
v.
NEW YORK CREDIT MEN'S ADJUSTMENT BUREAU, INC., Trustee in Bankruptcy, Respondent-Appellee.
 No. 271.
 Docket 28327.
 United States Court of Appeals Second Circuit.
 Argued January 17, 1964.
 Decided February 11, 1964.
 
 Krause, Hirsch, Gross & Heilpern, New York City, for appellant; Sydney Krause and Myron Kove, New York City, of counsel.
 Levy, Levy & Ruback and Isidor E. Leinwand, New York City, for appellee; Sydney Basil Levy, New York City, of counsel.
 Before LUMBARD, Chief Judge, and SWAN and SMITH, Circuit Judges.
 SWAN, Circuit Judge:
 
 
 1
 This is an appeal from two orders of the Bankruptcy Court. The first, dated May 6, 1963, confirmed an order of the Referee holding void as against the Trustee an "equipment lease" between Boothe and Herold under which Boothe claimed a lien on chattels installed by it in June 1959 in Herold's building in Yonkers, N. Y. The second order, dated May 29, 1963, denied Boothe's motion for reargument of the first order. Herold was adjudged bankrupt in 1961, and pursuant to order of the Court the Trustee sold the property on condition that Boothe's claim of lien attach to the proceeds of the sale.
 
 
 2
 The primary issue raised by Boothe's appeal is whether the "lease" was a conditional bill of sale and void because not filed as required by § 65 N.Y. Personal Property Law, McKinney's Consol.Laws, c. 41. An incidental issue is whether the law of New York or the law of California is applicable to the "lease," which contained a provision that "This Agreement shall be construed in accordance with the laws of the State of California."[1]
 
 
 3
 Judge McLean's opinion is reported in D.C., 218 F.Supp. 284. In ruling adversely to Boothe on what has been referred to above as an incidental issue, he followed Maguire v. Gorbaty Bros., 2 Cir., 133 F.2d 675. At page 676 we there said:
 
 
 4
 "* * * The authorities are clear that the law of the situs determines whether or not a conditional vendor retains title to the chattel. Hervey v. Rhode Island Locomotive Works, 93 U.S. 664, 23 L.Ed. 1003; A. L. I. Conflict of Laws, § 272, comment c; Goodrich, Conflict of Laws, 355."
 
 
 5
 Accordingly, Judge McLean was correct in holding that New York law must govern the rights of creditors with respect to the equipment.
 
 
 6
 Section 61, N.Y. Personal Property Law, includes as a conditional sale "any contract for the bailment or leasing of goods by which the bailee or lessee contracts to pay a sum substantially equivalent to the value of the goods, and by which it is agreed that the bailee or lessee is bound to become, or has the option of becoming the owner of such goods upon full compliance with the terms of the contract." The total cost of the equipment, installed, was $90,729; about half that amount represented the cost of installation. The amount to be paid over the initial five-year term of the contract was $113,229. At that point the bankrupt had an option to purchase the equipment for $11,341.
 
 
 7
 It is clear from these figures that the contract falls within the literal terms of § 61: the total payments were "substantially equivalent to the value of the goods" and the bankrupt had "the option of becoming the owner." Judge McLean did not, however, rely upon a literal reading of the statute in holding the contract to be a conditional sale. He thought that a conditional sale should be found if "the terms of the contract are such that the lessee's only sensible course, at the end of the contract term, is to become the owner of the goods." 218 F.Supp. at 285.[2] He found such to be the situation here. We agree with both his interpretation of the statute and his application of it.
 
 
 8
 Appellant argues that the option price is not so low as to make its exercise a foregone conclusion. On the contrary, the undisputed testimony is that the estimated value of the equipment at the end of the contract would be much less than the option price. The small salvage value of the equipment after removal from the building strongly emphasizes the Referee's finding that the nature of the equipment (lighting fixtures, partitions, electrical wiring) rendered it extremely unlikely that the equipment would ever be returned to Boothe.
 
 
 9
 Order affirmed.
 
 
 
 Notes:
 
 
 [1]
 Appellant asserts that under the California law filing would not be necessary even if the agreement were held to be a conditional sales contract. We assume this to be correct
 
 
 [2]
 There appear to be no New York cases on this point