J. Irwin Shapiro, J.
Tipper Tie, Inc., claims to be the owner of certain machines which it says it leased to Merkel, Inc. By this motion it seeks to compel Merkel’s assignee for the benefit of creditors to relinquish possession of the machines to it.
Involved are some 12 separate machines specifically identified by serial numbers, each of which was delivered to Merkel, Inc. under a separate agreement.* Each agreement is on a separate *271 form, but the printed matter of each is identical, with the exception of the serial number of the machine, the amount of rental, and the dates.
Demand for the return of the machines was made upon the assignee for the benefit of creditors, but he has declined to comply therewith, contending that he is in possession of the chattels under an unfiled conditional bill of sale which is ineffective as against him, and that while each instrument purports to be a lease each is in truth and in fact a conditional bill of sale.
It is .the contention of Tipper Tie, Inc., the petitioner, that the agreements here involved are rental and not conditional sales agreements, and that even if the agreements are considered as conditional sales agreements they were, in each instance, entered into prior to the effective date of the Uniform Commercial Code and at a time when filing thereof was not necessary under the Personal Property Law as a condition to their continuing validity against either the original vendee or its assignee for the benefit of creditors.
The last of the 12 agreements involved in .this proceeding is dated March 3, 1964. The Uniform ■Commercial Code did not become effective in this iState until September 27,1964 (Uniform Commercial Code, § 10-105). Therefore, the agreements here must be interpreted under the provisions of the old Personal Property Law (§ 61).
So far as here material the pertinent provisions of the agreements under review provide as follows:
Paragraph 1 provides for the leasing of a specifically identified machine.
Paragraph 2 provides that the machine “ shall at all times remain the sole property of the lessor ’ ’ and that it shall be used only by the lessee and only at the location originally delivered. It further restricts assignment or sublease by the lessee without written permission of lessor.
Paragraph 3 requires the lessee to keep the machine in good working order and condition.
Paragraph 4 requires the lessee to preserve the identifying data of the machine.
Paragraph 5 provides that the lessee shall assume the risk of loss or damage to the machine.
Paragraph 6 requires the lessee to pay any taxes which may be levied against the machine while it is in the possession of the lessee.
Paragraph 7 provides that the lessor will deliver the machine in a satisfactory mechanical operating condition and the use of *272 the machine by the lessee is limited to tieing casings and packaging products sold by the lessee.
Paragraph 9 limits the terms of .the lease to one year and provides for renewal for similar yearly periods unless the agreement is cancelled by notice of either party.
Paragraph 10 provides that, upon the termination of the lease, the lessee shall return the machine to the lessor in good condition.
Paragraph 11 fixes the value of the machine for the purpose of the agreement.
Paragraph 12 defines the rights of the lessor in the event of a default by the lessee and includes the right of peaceable repossession.
As has been noted, each agreement here under review is by its terms denominated a lease. However, calling an agreement a lease does not make it so if under its terms and provisions it is in fact a conditional bill of sale since “ we must look to the rights it confers and the obligations it imposes to determine whether it has the essential attributes of a contract of conditional sale or of an installment sale” (Matter of New York World-Tel. Corp. v. McGoldrick, 298 N. Y. 11; Eager, Law of Chattel Mortgages and Conditional Sales, p. 304).
An analysis of the provisions of the documents before us reveals that none of them possesses the vital characteristics that would transmute them from a lease into a conditional bill of sale. There is no right or obligation on the part of the lessee to acquire title to the machinery at any time. These instruments are therefore distinguishable from other forms of so-called leases involving purchase options which use the term “ lease ” to hide what is in fact a conditional sales agreement.
If my conclusion is correct and each of the instruments here involved is a true lease, the petitioner is entitled to the relief requested; but even if the instruments are construed as conditional sales agreements a filing under section 65 of the Personal Property Law was totally unnecessary to sustain petitioner’s right to repossess the chattels covered thereby as against the conditional vendee (Merkel, Inc.) or its assignee for the benefit of creditors, since the purpose of the section was to protect innocent purchasers from or creditors of the vendee who purchased the chattels from him or acquired a lien thereon. Only as to such persons was the conditional sales agreement void unless a copy of it was duly filed. As to the buyer himself, or one who stood in his place (such as the assignee herein), the Tin filed conditional sales agreement, including the reseizure provisions thereof, was completely valid and enforcible. (Matter of *273 Pellegrini, 248 App. Div. 526; Matter of Lloyd-Stuart Co., 256 App. Div. 965; Matter of Hershcopf Food Corp., 160 N. Y. S. 2d 695; Matter of Garuso-Sturcey Corp., 200 Misc. 936; Matter of Randy’s Super Foods, 6 Misc 2d 585.)
The assignee for the benefit of creditors relies heavily upon section 9-301 of the Uniform Commercial Code which now ‘ ‘ includes an assignee for benefit of creditors from the time of assignment ” as. a “ lien creditor ” and the interpretation given to that section in Matter of Merkel, Inc. (45 Misc 2d 753). However, the provisions of the Uniform Commercial Code with exceptions here not applicable apply only to transactions entered into and events occurring on and after September 27, 1964, its effective date. “Transactions validly entered into before” that date ‘ ‘ remain valid thereafter and may be terminated, completed, consummated or enforced as required or permitted by any statute or other law repealed by this Act as though such repeal or modification had not occurred ” (Uniform Commercial Code, § 10-102, subd. [2]).
The application is in all respects granted. Settle order.

 Agreements Nos. 10, 11 and 12 originally ran to Eagle Brand Products, Inc., "but were assumed by Merkel, Inc., in January, 1964 when Eagle Brand Products, Inc., was absorbed by Merkel, Inc., since which time and until the assignment for the benefit of creditors Merkel, Inc., met the obligations thereunder.