GENERAL ACCIDENT FIRE AND LIFE ASSURANCE CORPORATION, LTD., Appellant, v. FRED BLERSCH, Defendant, and FREDERICK REEBER et al., Respondents.— In an action by an insurance company, which had issued an automobile liability policy to defendant Reeber, to declare that, by reason of a breach by defendant Blersch, as an additional insured, of the "cooperation" clause contained in the policy, plaintiff has the right to disclaim all obligation to Blersch under said policy and that it is not obligated to defend certain negligence actions brought against Blersch by the two respondents, plaintiff appeals from a judgment of the Supreme Court, Suffolk County, entered June 22, 1965, which, after a nonjury trial, (1) declared that plaintiff is obligated to defend defendant Blersch in said actions and otherwise to afford him coverage under the provisions of the policy and (2) dismissed the amended complaint. Judgment modified on the law, by deleting the decretal provision that the complaint is dismissed. As so modified, judgment affirmed, with one bill of costs to respondents, jointly. The findings of fact are affirmed. We are in accord with the Special Term's declaration of the rights of the parties and its opinion pertaining thereto. However, the court, having declared and defined the parties' rights, should not have ordered dismissal of the complaint (Lanza v. Wagner, 11 N Y 2d 317, 334). Ughetta, Acting P. J., Christ, Hill, Rabin and Benjamin, JJ., concur. [46 Misc 2d 480.]

In the Matter of MERKEL, INC., Assignor. SOL FEDER, Respondent; MONARCH MARKING SYSTEM COMPANY, Appellant.— In a liquidation proceeding pursuant to an assignment for the benefit of creditors, Monarch Marking System Company, which allegedly had leased certain machinery to the assignor, appeals from an order of the Supreme Court, Queens County, entered March 22, 1965, which denied its application to compel the assignee to turn over said machinery to it. Order reversed, on the law and the facts, without costs; application granted; and the assignee is directed to turn over the machinery to appellant not later than 20 days after entry of the order hereon. The agreement to "lease" the machinery to the assignor was made on November 29, 1961 for a five-year period at a total rental of $9,120, payable $912 semi-annually. It gave the assignor an option to purchase the machinery at the end of the five-year period for an additional payment of $800. Since the Uniform Commercial Code (L. 1962, ch. 553; eff. Sept. 27, 1964 [see §§ 10–101, 10–105]) is not retroactive, the agreement is governed by the provisions of the former Personal Property Law. We find that the agreement is a conditional bill of sale, which was valid as between appellant (the conditional vendor) and the assignor (the conditional vendee) or its assignee for the benefit of creditors, despite appellant's failure to file it (see Personal Property Law, §§ 61, 65; Matter of Pellegrini, 248 App. Div. 526). This finding is not affected by the fact that the assignment for the benefit of creditors was executed on February 3, 1965, i.e., after the effective date of the Uniform Commercial Code. Hill, Acting P. J., and Benjamin, J., concur; Rabin, J., concurs in the result on the grounds that the agreement was a lease, not a conditional bill of sale, and that, in any event, whether it was a lease or a conditional bill of sale, the Uniform Commercial Code does not apply. Hopkins, J., concurs in the result on the ground that the agreement was a lease, not a conditional bill of sale, and that, therefore, the Uniform Commercial Code does not apply. [45 Misc 2d 753.]