■ MONARCH LIQUOR CORPORATION, Appellant, v HERMAN I. MERINOFF et al., Respondents.—Order unanimously reversed, with costs, judgment entered thereon vacated, and matter remitted to Supreme Court, Onondaga County, for further proceedings in accordance with the following memorandum: Plaintiff appeals from that part of an order which granted summary judgment dismissing its complaint, and from the judgment entered thereon. The order, which also denied plaintiff's motions for a preliminary injunction and for accelerated disclosure, was granted upon defendant's cross motions to dismiss for failure to state a cause of action (CPLR 3211, subd [a], par 7). On their cross motions defendants submitted evidence which could properly be considered on a motion for summary judgment (CPLR 3211, subd [c]), and asked the court to grant summary judgment. Special Term failed to give notice to the parties that the cross motions were converted into motions for summary judgment. Absent such notice, summary judgment relief may not be granted *(Guggenheimer v Ginzburg,* 43 NY2d 268; *Rovello v Orofino Realty Co.,* 40

NY2d 633). In a memorandum submitted in opposition to the cross motions, plaintiff pointedly reminded the court that notice to plaintiff was required if the cross motions were to be treated as motions for summary judgment. Nevertheless, such notice was never given and it may not now be said that plaintiff, by filing evidentiary affidavits in response to the cross motions, knowingly and voluntarily participated in the summary judgment issue (cf. *Goldstein v County of Monroe*, 77 AD2d 232). The matter must be remitted to Special Term and upon notice from the court, plaintiff should be afforded an opporunity to submit whatever additional evidentiary response it deems appropriate. Since no appeal has been taken from the denial of plaintiff's motion for accelerated disclosure (CPLR 3104), we need not address that issue. Should it appear, however, from affidavits submitted by plaintiff in opposition to the cross motions "that facts essential to justify opposition may exist but cannot then be stated", Special Term is, of course, free to exercise its discretionary power (CPLR 3211, subd [d]). (Appeal from order and judgment of Onondaga Supreme Court—summary judgment.) Present—Dillon, P. J., Cardamone, Schnepp, Doerr and Witmer, JJ.