■ CONKLIN DEVELOPMENT CORP., Appellant, v ACME MARKETS, INC., et al., Respondents. — Appeal from an order of the Supreme Court at Special Term (Kahn, J.), entered April 2, 1981 in Albany County, which, *inter alia,* granted defendants' motions to dismiss the complaint. Plaintiff in this action seeks a judgment declaring the rights of the parties with respect to a lease executed July 24, 1957, as amended on July 7, 1972, between plaintiff and defendant Acme Markets, Inc., for the rental of a retail food store in a shopping plaza in Binghamton. The complaint alleges, *inter alia,* that Acme discontinued business at the store on or about July 3, 1979, and on February 22, 1980 entered into an agreement with codefendant P & C Markets, Inc. (P & C), which plaintiff claims is an assignment of the lease. Plaintiff further alleges that shortly thereafter, P & C executed another agreement with codefendant Triumph Markets, Inc., which may be another assignment of lease, and that plaintiff is uninformed of the contents of said agreement. Plaintiff claims that the transfer from Acme to P & C was an assignment prohibited without plaintiff's written approval, and not a sublease for which plaintiff's prior approval was not required so long as Acme remained primarily liable. Significantly, Acme's present term expires May 31, 1983, whereas the P & C sublease expires 30 days prior thereto. Special Term's order declared the rights of the parties in favor of defendants and granted defendants' motions to dismiss the complaint based on documentary evidence. The court further held that a decision upon defendants' motions for a protective order and to quash subpoenas duces tecum was thereby unnecessary. Plaintiff has appealed from the order. The declaration of rights in favor of defendants was proper. The original lease, while prohibiting assignment without plaintiff's consent, specifically permitted subleasing without such approval. There is no question that the agreement between Acme and P & C was a sublease, not an assignment. "In order to constitute an assignment, the transfer from the original lessee must convey the entire interest of the lessee. If he retains a reversionary interest in the real property transferred, privity of estate does not arise between the landlord and the transferee * * *. The transfer under such circumstances constitutes a sublease and the relation of landlord and tenant does not exist between the original lessor and the transferee" (*New Amsterdam Cas. Co. v National Union Fire Ins. Co.,* 266 NY 254, 259, 260; see *Anchor Holding Co. v Michael's Coffee Shop,* 81 AD2d 535). The instrument between Acme and P & C specifically reserves unto Acme the right to exercise renewal options in the prime lease, requires the rent to be paid to Acme, provides that the term of the transfer expires prior to the expiration of the term of the prime lease, distinctly and explicitly subordinates any renewals of the sublease to Acme's right to exercise renewal options of the prime lease, and recites that Acme remains liable to plaintiff for performance of the obligations of the prime lease. Based on these provisions, Special Term correctly found the instrument to be a sublease. It is further apparent that Special Term's order was proper without granting disclosure of the subsequent agreement between defendants P & C and Triumph Markets, Inc. It appears that plaintiff had access to both subleases before argument of the motion, and that the determination was made upon "documentary evidence pursuant to CPLR 3211 (subd. [a], par. 1)." An order for discovery pursuant to CPLR 3211 (subd [d]) is discretionary and should be granted only upon demonstration that the facts sought are essential

to justify opposition to a dismissal motion (see *Monarch Liq. Corp. v Merinoff,* 79 AD2d 871). Plaintiff has failed to satisfactorily do this. Having found that the Acme-P & C agreement was a sublease and not an assignment, no privity of contract or estate between plaintiff and either P & C or Triumph could exist (*New Amsterdam Cas. Co. v National Union Fire Ins. Co.,* 266 NY 254, *supra; Anchor Holding Co. v Michael's Coffee Shop,* 81 AD2d 535, *supra*), thereby rendering any ancillary agreement between said defendants irrelevant to a determination of the rights of the parties. Finally, we note that since Special Term declared the rights of the parties, it should not have ordered dismissal of the complaint (*General Acc. Fire & Life Assur. Corp. v Blersch,* 25 AD2d 764, affd 18 NY2d 633). Order modified, on the law, by deleting the provision thereof which grants defendants' motions to dismiss the complaint, and, as so modified, affirmed, with costs to defendants. Main, J. P., Mikoll, Yesawich, Jr., Weiss and Levine, JJ., concur.