OPINION OF THE COURT
Vincent G. Bradley, J.
The plaintiff moves pursuant to CPLR 3212 for summary judgment in this action for a declaratory judgment on the issues of motor vehicle liability coverage. Most of the salient facts giving rise to this action are uncontroverted.
Clara T. Masterson was the owner of a vehicle insured by the plaintiff, the Travelers Insurance Company (Travelers). On December 26,1980, the insured’s husband, Donald Masterson, was operating his wife’s vehicle with her consent and was struck in the rear, while he was stopped, by a Mr. Frank J. Bisnett, the owner and operator of a certain pick-up truck. As a result, Mr. Masterson sustained personal injuries and commenced an action against Mr. Bisnett in 1981. Mr. Bisnett’s personal attorney advised the Masterson’s attorney that his client was uninsured due to a cancellation of his auto liability insurance policy by the defendant herein, St. Paul Fire and Marine Insurance Company (St. Paul).
As a result, Mr. Masterson sought a claim under Mrs. Master-son’s policy, which was in full force and effect on the date of the accident, as an “insured” member of her household with respect *529 to an uninsured motorist indorsement in said policy as required under Insurance Law § 167 (2-a). Travelers, through the supervisor of their liability unit of their Albany, New York, office, asserts they made an investigation to determine whether there was any coverage in effect for the Bisnett vehicle and, inasmuch as they had thoroughly investigated the injuries and the nature of the accident, authorized payment in the sum of $10,000 to Mr. Masterson under the aforesaid indorsement. The amount in question is the maximum amount required by law to be carried by insured motor vehicle owners and was the maximum coverage for the Masterson policy. Thereafter, the file was transferred to the Travelers’ subrogation department" and thence to its attorneys herein and they commenced an action in June 1983 against Mr. Bisnett pursuant to their subrogated rights from Mr. and Mrs. Masterson pursuant to the trust agreement contained in paragraph 8 of the uninsured motorist’s indorsement rider to Mrs. Masterson’s policy. At approximately the same time, St. Paul notified the Travelers’ attorneys that they would not appear for Mr. Bisnett due to the fact that they had sent him a nonrenewal notice on June 5, 1980.
The plaintiff contends that a review of the nonrenewal notice was invalid as a nonrenewal and/or cancellation since it did not give any specific reason or reasons for its intention not to renew as required by Insurance Law § 167-a (5) (a). Consequently, the plaintiff asserts that since any cancellation was ineffective, they are therefore liable as his insurer to reimburse the Travelers for the money paid on Mr. Masterson’s claim. The defendant does not deny the insufficiency of the notice of nonrenewal and a plain reading of the same indicates that it does not comply with statutory requirements (see also, Messing v Nationwide Mut. Ins. Co., 42 AD2d 1030). This is further supported by the defendant’s failure to respond to a notice to admit which was served upon them in January of 1984.
Rather, in opposing this motion defendant asserts that the plaintiff made a mistake in paying this money and that the claim of the plaintiff is based upon an assignment of a cause of action for personal injuries which is prohibited. The court finds the defendant’s points in opposition without merit. It is clear that an insurer who would pay an uninsured motorist’s claim to its own insured is subrogated to its insured’s rights against defending motorists and their disclaiming carrier (Olenick v Government Employees Ins. Co., 68 Misc 2d 764, mod on other grounds 42 AD2d 760; Matter of Alston [Amalgamated Mut. Cas. Co.], 53 Misc 2d 390). It also appears that the investigation *530 performed by the plaintiff was reasonable under the circumstances and in accordance with a liberal policy to be applied with respect to the pertinent statutes whose purposes are remedial in nature, i.e., for the protection of persons who are injured by financially irresponsible motorists (see, State-Wide Ins. Co. v Curry, 43 NY2d 298). Moreover, the conduct of the plaintiff and its agents is laudable and should be encouraged rather than discouraged by litigation. Additionally, it appears that any disclaimer by defendant, given the time periods in question, is unreasonable as a matter of law under the circumstances of this case (Appell v Liberty Mut. Ins. Co., 22 AD2d 906, affd 17 NY2d 519; General Acc. Fire & Life Assur. Corp. v Blersch, 46 Misc 2d 480, mod 25 AD2d 764, affd 18 NY2d 633).
The motion for summary judgment is granted in all respects.