■ CITY OF BINGHAMTON et al., Plaintiffs, and VILLAGE OF ENDICOTT, Appellant, v EDWARD V. REGAN, as Comptroller of the State of New York and Administrative Head of the New York State Policemen's and Firemen's Retirement System, State of New York, Respondent.—Mahoney, P. J. Appeal from a judgment of the Supreme Court at Special Term (Fischer, J.), entered July 18, 1984 in Broome County, which, *inter alia,* granted defendant summary judgment and declared that plaintiffs are responsible for payment of any salary increases to disabled firemen on accidental disability retirement allowances.

Plaintiffs are three municipal corporations located in Broome County. Prior to January 1, 1978, pursuant to General Municipal Law former § 207-a, plaintiffs were required to pay firemen who were permanently disabled as the result of a service-related injury or illness their full salary until their disability ceased. Effective January 1, 1978, General Municipal Law § 207-a (2) was amended (L 1977, ch 965) to permit a municipality to involuntarily retire a permanently disabled fireman: "provided, however, that in any such case such fireman shall continue to receive from the municipality or fire district by which he is employed, until such time as he shall have attained the mandatory service retirement age applicable to him or shall have attained the age or performed the period of service specified by applicable law for the termination of his service[s], *the difference between the amounts received under such allowance or pension and the amount of his regular salary or wages"* (emphasis supplied).

After plaintiffs attained accidental disability retirement allowances pursuant to Retirement and Social Security Law § 363 for all disabled firemen under their jurisdiction, they commenced this declaratory judgment action seeking a declaration that the State Policemen's and Firemen's Retirement System was required to pay three quarters of any increase in salary. Plaintiffs moved for summary judgment. Defendant asked for similar relief in his opposing papers. Special Term declared that plaintiffs were wholly responsible for payment of

any negotiated salary increases and dismissed the complaint. Plaintiff Village of Endicott appeals.

Statutory analysis begins with the language of the statute itself. Where there is an absence of clear legislative directions or persuasive reasons to the contrary, courts are obliged to construe statutory language in a manner consistent with its plain and ordinary meaning *(see, Regan v Heimbach,* 91 AD2d 71, *lv denied* 58 NY2d 610). Legislation is presumed to mean what it says *(see, Sega v State of New York,* 60 NY2d 183, 191). Resort to extrinsic matter is inappropriate when the statutory language is unambiguous *(People v Graham,* 55 NY2d 144, 151). Here, General Municipal Law § 207-a (2) clearly states that when a municipality involuntarily retires a permanently disabled fireman, it shall continue to pay such fireman "the difference between the amounts received under such allowance or pension and the amount of his regular salary or wages" until such time as he shall have maintained the mandatory retirement age or met other requirements of law. In fact, the Court of Appeals held in *Matter of Mashnouk v Miles* (55 NY2d 80) that the phrase "regular salary or wages" under General Municipal Law § 207-a (2) includes increases in annual salary, even after the retirement of the injured fireman. Special Term was thus correct in granting summary judgment to defendant. However, Special Term erred in dismissing the complaint. In an action for declaratory judgment, the complaint should not be dismissed merely because plaintiffs are not entitled to the declaration sought *(Conklin Dev. Corp. v Acme Mkts.,* 89 AD2d 769, *appeal dismissed* 58 NY2d 929). After declaration of the rights of the parties, the complaint should be left *(Lanza v Wagner,* 11 NY2d 317, 334, *appeal dismissed* 371 US 74).

Judgment modified, on the law, without costs, by deleting so much thereof as dismissed the complaint, and, as so modified, affirmed. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.